**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUL 19 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

```
                                    :
GEORGE CANNING                      :
60 Sycolin Road                     :
Leesburg, VA 20175                  :   Case: 1:11-cv-01295
                                    :   Assigned To : Kessler, Gladys
            Plaintiff,              :   Assign. Date : 7/19/2011
       v.                           :   Description: FOIA/Privacy Act
                                    :
U.S. DEPARTMENT OF JUSTICE          :
10th & Constitution Ave., NW        :
Washington, DC  20530               :
                                    :
            Defendant.              :
                                    :
```

COMPLAINT FOR INJUNCTIVE RELIEF
(Freedom of Information Act 5 U.S.C. 552)

Jurisdiction and Venue

1.   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, as amended, to order the production of agency records which are being improperly withheld from plaintiff.

2.   This Court has jurisdiction over this action pursuant to 5 U.S.C. 552(a)(4)(B), and venue is proper.

3.   Plaintiff George Canning, the requester of the records, is a resident of Leesburg, Virginia.

4.   Defendant U.S. Department of Justice (DOJ) is an agency of the United States, and has possession and/or control of the records sought by plaintiff.

5.    The Federal Bureau of Investigation (FBI), from which records are being sought, is a component of the U.S. Department of Justice.

6.    The records requested are records created and maintained by defendant.  Upon information and belief, the requested records are still under the jurisdiction and control of the Department of Justice.

7.    Plaintiff has exhausted his administrative remedies as provided for in 5 U.S.C. 552(a)(6).

8.    Pursuant to the FOIA, 5 U.S.C. 552(a)(3), plaintiff has a right of access to the information he seeks, and there is no legal basis for defendant's denial of said right.  Defendant is thus unlawfully withholding the requested record in violation of the FOIA.

## Introduction

9.    This lawsuit concerns information requested under the FOIA by plaintiff George Canning, in several different FOIA requests.  Plaintiff's FOIA requests described below, result from several mandatory declassification review ("MDR") appeals to the Interagency Classification and Appeals Panel (ISCAP) pursuant to Executive Order provisions for such review.  Several of the FOIA requests seek FBI documents which were wholly or partially declassified by ISCAP, but which the FBI has apparently been unwilling to disclose to the MDR requesters, notwithstanding

-2-

ISCAP's instructions to the FBI. In two other FOIA requests,
Plaintiff seeks inter alia (a) information declassified by the
FBI prior to ISCAP's review, and (b) selected documents from FBI
files, the existence of which were revealed in one document which
was released pursuant to ISCAP declassification. Each
description of one of Plaintiff's FOIA requests in the following
paragraphs, is preceded by a brief description of the ISCAP
proceedings which led to the FOIA request. The ISCAP proceedings
so-described, are not at issue in this case, and are provided
solely to clarify the nature of the information Plaintiff has
requested.

Plaintiff's FOIA Requests At Issue

A.    The FOIA Request To FBI Headquarters
      Dated September 29, 2007 _____ ___ __ ___

Prior ISCAP Proceedings

In 2002, Canning filed an appeal with ISCAP of
DOJ's non-response to his MDR request; ISCAP designated
it **ISCAP No. 2002-013**. In May 2004, ISCAP declassified
some of the information in six documents; a footnote on
a chart enclosed with ISCAP's letter informed Canning
that the FBI had declassified two of the original
documents prior to ISCAP's review, and they had thus
not been reviewed by ISCAP. The FBI released the six
documents on September 9, 2004.

The FOIA Request

10. On November 5, 2007 plaintiff George Canning mailed to
FBI Headquarters a letter dated September 29, 2007, requesting
disclosure of information under the FOIA ("September 2007 HQ

request"). This FOIA request concerns documents involved in ISCAP's 2004 declassification review in ISCAP No. 2002-013. (See Exh. A, attached hereto.)

11. Plaintiff's September 2007 HQ request first seeks disclosure of information about Paul Goldstein, Lyndon H. LaRouche Jr., and/or Jeffrey Steinberg – whose privacy waivers are attached to the FOIA request – which is contained in a document released by the FBI pursuant to the ISCAP review. A copy of the FBI document, an FBI airtel designated WMFO 196B-1918-364 which is captioned to Mr. LaRouche's FOIA lawsuit against the DOJ ("the WMFO airtel"), is also attached to the FOIA request. (Id.)

12. The September 2007 HQ request secondly seeks the two documents which the FBI had declassified prior to ISCAP's review of Canning's MDR appeal, as stated in the enclosure to ISCAP's July 27, 2004 letter. A copy of ISCAP's letter and enclosure is also attached to the September 2007 HQ request. (Id.)

13. The September 2007 HQ request thirdly seeks specified portions of the FBI Headquarters files which correspond to five of the files discussed in the WMFO airtel, including any documents which mention Paul Goldstein, Lyndon H. LaRouche Jr., and/or Jeffrey Steinberg, whose privacy waivers are attached to the FOIA request. (Id.)

-4-

14. An April 9, 2008 letter from FBI Headquarters to plaintiff, confirmed that previous letters concerning plaintiff's FOIA request designated FOIPA No. 1101354-000, in fact concerned plaintiff's September 2007 HQ request and a parallel FOIA request sent to the FBI's Washington Field Office (WFO), infra. (See Exh. B, attached hereto.)

15. Plaintiff has received no written substantive response to the September 2007 HQ request.

16. In one of several telephone conversations in December 2008 with FBI FOIA public liaison officer Dave Sobonya about the September 2007 HQ request, Mr. Sobonya told plaintiff that the FBI considered that request duplicative of the parallel request to WFO and had closed it. Plaintiff was subsequently asked to file a new FOIA request for the information. He declined to do so, and requested that the FBI process his FOIA request as filed, with its place in the FBI FOIA "queue" as per the date of the original filing.

17. Plaintiff described the substance of these conversations in an April 21, 2009 letter to the FBI Headquarters FOIA unit (at page 2). (See Exh. C, attached hereto.) Plaintiff repeated his objection to filing a new request, and asked that the September 2007 HQ request be processed in the FBI's queue as of its original receipt date. Plaintiff received no response to this letter, from the FBI.

B.   The FOIA Request To FBI WFO
     Dated September 29, 2007

### Prior ISCAP Proceedings

See discussion at subhead A above, concerning **ISCAP No. 2002-013**.

### The FOIA Request

18.   On November 5, 2007 plaintiff George Canning mailed to FBI WFO a letter dated September 29, 2007, requesting disclosure of information under the FOIA ("September 2007 WFO request"). This FOIA request concerns documents involved in ISCAP's 2004 declassification review in ISCAP No. 2002-013.  (See Exh. D, attached hereto.)

19.   The September 2007 WFO request seeks specified portions of five of the WFO files (including files of the former Alexandria field office) discussed in the WMFO airtel (see above), including any documents which mention Paul Goldstein, Lyndon H. LaRouche Jr., and/or Jeffrey Steinberg, whose privacy waivers are attached to the FOIA request.  (Id.)

20.   By letter dated April 30, 2009, the FBI made a partial release of the documents requested in the September 2007 WFO request.  The letter informed plaintiff that some documents had been referred to one or more other government agencies.  (See Exh. E, FBI transmittal letter, attached hereto.)  Plaintiff has received no substantive responses from any other government agency.

-6-

21. By letter dated June 20, 2009, plaintiff filed an administrative appeal with DOJ's Office of Information and Privacy ("DOJ OIP").[1] (See Exh. F, attached hereto.)

22. By letter dated July 23, 2009, DOJ OIP acknowledged plaintiff's appeal and designated it #09-2237. (See Exh. G, attached hereto.)

23. By letter dated April 16, 2010, DOJ OIP informed plaintiff that it had received his appeal on July 21, 2009, which was 21 days after the regulatory deadline, and that DOJ OIP was therefore closing his appeal as untimely filed. (See Exh. H, attached hereto.)

24. By letter dated April 17, 2010, plaintiff requested DOJ OIP reconsider its closing of his appeal, because his appeal letter's arrival in its office suite approximately a month after it had been mailed, was not under his control. Plaintiff also requested that the envelope which contained his appeal be preserved. (See Exh. I, attached hereto; attachment omitted.)

25. DOJ OIP responded to plaintiff's request for reconsideration by letter dated June 15, 2010, stating that its

---

[1] In about 2009, the name of the DOJ's Office of Information and Privacy had changed to the Office of Information Policy. On information and belief, that office continues to be the DOJ's FOIA appellate authority. Plaintiff noticed the name change ca. spring 2010. This appeal letter, and others of his letters to DOJ OIP incorrectly used the old name. Plaintiff refers to both names in this Complaint by the acronym DOJ OIP.

original response was appropriate.  (See Exh. J, attached

hereto.)

        C.    The July 18, 2009
               FOIA Request To FBI Headquarters

Prior ISCAP Proceedings

In 2003, Jeffrey Steinberg appealed an adverse DOJ
MDR ruling to ISCAP; ISCAP designated his appeal as
**ISCAP No. 2004-017**.  In July 2008, ISCAP declassified
some of the information, in twenty-four documents.  On
September 19, 2008, ISCAP informed DOJ that the time
for an appeal by DOJ to the President had expired, and
that the declassified information should be provided to
Steinberg; a copy of that letter was sent to Steinberg.
On October 3, 2008, Steinberg notified ISCAP that one
of the documents had only been partially reviewed by
ISCAP, and requested that ISCAP complete the review of
that document.  On August 4, 2010, ISCAP informed the
FBI that the time for an appeal by DOJ to the President
had expired, and that the declassified information in
the remaining document should be provided to Steinberg;
a copy of that letter was sent to Steinberg.  None of
the information declassified by ISCAP in 2008 and 2010
has been provided to Steinberg by the FBI.

In 2006, Canning appealed an adverse DOJ MDR
ruling to ISCAP; ISCAP designated **ISCAP No. 2006-014**.
In September 2008, ISCAP declassified some of the
information, in each of the two documents it had
reviewed.  On December 5, 2008, ISCAP informed DOJ that
the time for an appeal by DOJ to the President had
expired, and that the declassified information should
be provided to Canning; a copy of that letter was sent
to Canning.  None of the information declassified by
ISCAP in 2008 has been provided to Canning by the FBI.

In 2006, Canning appealed the declassification
review by DOJ in an FOIA appeal, to ISCAP; ISCAP
designated his appeal **ISCAP No. 2006-017**.  In September
2008, ISCAP declassified some of the information, in
the document it had reviewed.  On December 5, 2008,
ISCAP informed DOJ that the time for an appeal by DOJ
to the President had expired, and that the declassified
information should be provided to Canning; a copy of

-8-

that letter was sent to Canning. On December 16, 2009,
FBI Headquarters partially released 6 pages pursuant,
its transmittal letter said, to ISCAP's
declassification review in ISCAP No. 2006-017. On
September 8, 2010, FBI Headquarters released the same
information to Canning again.

## The FOIA Request

### 1. The Original Request

26. On July 27, 2009, plaintiff George Canning mailed to
the FBI Headquarters FOIA unit in Winchester, Virginia, a letter
dated July 18, 2009, requesting disclosure of information under
the FOIA ("July 2009 request"). The request seeks documents with
information declassified in 2008 by ISCAP in ISCAP Nos. 2004-017
(Steinberg), 2006-014 (Canning), and 2006-017 (Canning).
Plaintiff asked that the FBI not conduct a new classification
review of any information which ISCAP had not declassified.
Privacy waivers from Lyndon LaRouche and Jeffrey Steinberg were
attached to the letter. (See Exh. K, attached hereto.)

27. By letter dated December 29, 2009, plaintiff inquired
of the FBI Headquarters FOIA unit in Winchester, Virginia,
whether its December 16, 2009 release and withholdings in ISCAP
No. 2006-017 (supra, regarding Prior ISCAP Proceedings), applied
as well to the portion of his July 2009 FOIA request which
concerns ISCAP No. 2006-017. Plaintiff stated that in the
absence of a reply from the FBI, he would assume there had been a

denial of that portion of his July 2009 FOIA request as well.
(See Exh. L, attached hereto.)

28.   The FBI did not respond to plaintiff's December 29,
2009 letter.

29.   On January 5, 2010, plaintiff received a voice mail
message from "Dave" at the FBI FOIA unit in Winchester (on
information and belief, Dave Sobonya), stating that plaintiff's
December 22, 2009 letter (see ¶ 33, infra) had been received, and
that the FBI had no record of having received his original July
18, 2009 FOIA request letter.   Dave's message invited plaintiff
to fax a copy of July 18, 2009 FOIA request letter to them.

30.   On January 5, 2010, plaintiff faxed to the FBI FOIA
unit, copies of the original July 18, 2009 FOIA request with
attachments, and also his December 29, 2009 letter.   In a
telephone conversation with plaintiff on January 12, 2010, Mr.
Sobonya acknowledged he had received the fax, and had personally
taken it to the Work Process Unit.

31.   On January 23, 2010, plaintiff appealed the assumed
parallel-denial in the ISCAP No. 2006-017 portion of his July
2009 request, to DOJ OIP.   (See Exh. M, attached hereto;
attachments omitted.)

32.   By letter dated April 26, 2010, DOJ OIP informed
plaintiff that there had been no adverse determination yet, and
therefore an administrative appeal was not proper.   DOJ OIP

-10-

further stated it was closing this appeal. (See Exh. N, attached
hereto.)

        2.   Amendment To The Request

    33.  On December 22, 2009, plaintiff mailed to the FBI
Headquarters FOIA unit in Winchester, Virginia, a letter amending
his July 2009 request to include any information which might be
declassified in ISCAP's forthcoming review of the final document
in its Steinberg MDR appeal. (See Exh. O, attached hereto.)

    34.  During a telephone discussion with FBI FOIA unit
supervisor Julia Eichhorst on March 23, 2010 (infra), Ms.
Eichhorst told plaintiff that the December 2009 amendment to his
FOIA request would be treated (should any additional information
be declassified by ISCAP) under a new FOIPA number.

    35.  On August 28, 2010, plaintiff faxed the FBI a letter,
to notify them that ISCAP had declassified information in the
final document in the Steinberg declassification review, and
attached a copy of ISCAP's letter. (See Exh.P, attached hereto.)

    36.  On March 11, 2011, the FBI made a release in FOIPA No.
1154022-000, which consisted of the final "Steinberg" document
reviewed by ISCAP. All substantive information had been referred
to another government agency. (See Exh. Q, FBI transmittal
letter, attached hereto.)

    37.  The FBI has not responded to plaintiff, regarding any
other portion of his July 2009 FOIA request as amended.

D.    The December 31, 2009
      FOIA Request To FBI Headquarters

### Prior ISCAP Proceedings

As discussed at subhead C above, regarding the July
2009 request:

In 2006, Canning appealed the declassification
review by DOJ in an FOIA appeal, to ISCAP; ISCAP
designated his appeal **ISCAP No. 2006-017**.  In September
2008, ISCAP declassified some of the information, in
the document it had reviewed.  On December 5, 2008,
ISCAP informed DOJ that the time for an appeal by DOJ
to the President had expired, and that the declassified
information should be provided to Canning; a copy of
that letter was sent to Canning.  On December 16, 2009,
FBI Headquarters partially released 6 pages pursuant,
its transmittal letter said, to ISCAP's
declassification review in ISCAP No. 2006-017.   On
September 8, 2010, FBI Headquarters released the same
information to Canning again.

### The FOIA Request

38.   On January 14, 2010, plaintiff George Canning mailed

via certified mail, return receipt requested, to the FBI

Headquarters FOIA unit in Winchester, Virginia, a letter dated

December 31, 2009, requesting disclosure of information under the

FOIA ("December 2009 request"), with an attached privacy waiver

from Lyndon LaRouche.  The request seeks (a) the entire file, the

number of which was at issue in ISCAP No. 2006-017;

(b) information about ISCAP's description of the information it

had reviewed in ISCAP No. 2006-017; and (c) documents or other

information setting out the nature of the surveillance and/or the

reasons for the surveillance, and any warrants or other

-12-

authorizations for the surveillance.  A privacy waiver from
Lyndon LaRouche was attached to the request letter.  (See Exh. R,
attached hereto.)

39.  The postal return receipt received by plaintiff shows
his FOIA request was received on January 15, 2010.  (See Exh. S,
certified mail slip and return receipt, attached hereto.)

40.  On March 23, 2010, FBI FOIA unit supervisor Julia
Eichhorst telephoned plaintiff to confirm the FOIA unit's
understanding of what information plaintiff was requesting in the
December 2009 request, and other matters.  Ms. Eichhorst said the
FBI would probably process the December 2009 request as three
requests.

41.  Plaintiff has received no other communication from the
FBI about his December 2009 request.

### Prayer For Relief

WHEREFORE, Plaintiff prays this Court:

(1)  Take jurisdiction of this case;

(2)  Order defendant to make an adequate search for the
records requested;

(3)  Order defendant to permit access to all responsive
records;

(4)  Order defendant to provide copies of the responsive
records at no cost to plaintiff;

-13-

(5) Order defendant - regarding plaintiff's July 2009 FOIA
request - to (a) submit the FBI's release and withholdings to
ISCAP (as instructed by ISCAP), and (b) obtain from ISCAP and
submit to plaintiff and the Court, a certification by ISCAP that
all the information which ISCAP declassified in ISCAP Nos. 2004-
017 (Steinberg), 2006-014 (Canning), and 2006-017 (Canning) has
been either released to plaintiff or withheld under exemption(s)
other than Exemption 1;

(6) Award plaintiff his costs, pursuant to 5 U.S.C. 552
(a)(4)(E); and

(7) Grant such other and further relief as the Court may
deem just and proper.

Respectfully submitted,

Dated: July 18, 2011

GEORGE CANNING
60 Sycolin Road
Leesburg, VA 20175
(703) 434-1904

Plaintiff Pro Se

-14-

60 Sycolin Road
Leesburg, VA 20175
September 29, 2007

Federal Bureau of Investigation
Records Information
  and Dissemination Section
JEH Building
935 Pennsylvania Ave., NW
Washington, DC 20535

**FILED**

**JUL 1 9 2011**

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

RE:  FOIA Request - Formerly Classified Files

l l  l J 9F

To whom it may concern:

     This is a request under the Freedom of Information Act, as
amended (5 USC 552).  I request that a search be made as more
fully described below and that access to or copies of documents
and other information be provided as follows.

<u>Introduction</u>

     In March 2001, I filed a request for mandatory
classification review with DOJ's Department Review Committee
(DRC), concerning certain documents which had been at issue in an
FOIA lawsuit.  DRC designated that request with their number
FBI/01-R0544, and forwarded it to the FBI.  In March 2002, I
appealed FBI's non-response to the Interagency Security
Classification Appeals Panel (ISCAP), which designated it
variously as #2002-013 and "Canning 2."  ISCAP rendered a
decision on May 17, 2004.

     On September 9, 2004, FBI Headquarters released FBI
information which had been declassified by the ISCAP (FBIHQ
Appeal No. 01-9544).  Included in that release were pages 1 and
3-5 of WMFO 196B-1918-364, a November 20, 1991 WMFO airtel
(hereafter, "the WMFO airtel").  I attach those pages, plus page
2 of the airtel from a previous FOIA release, for your reference.

     On October 4, 2004, I mailed to your unit via certified
mail, return receipt requested, three related FOIA requests which
I had dated September 16, September 17, and September 20, 2004.
These were accompanied by a cover letter dated October 1, 2004.
I subsequently received the return receipt, which was signed at
FBI Headquarters on October 8, 2004.  I have never received a
response of any kind to any of these FOIA requests.

     On March 17, 2007, I re-submitted copies of the above
requests, as a <u>new</u> request.  I have never received a response of

<u>Canning v. Dept. of Justice</u>
Complaint Exh. #A

-2-

any kind to any of these FOIA requests, either.  When I inquired about the status of this re-submission, Debby Lopes of your office was unable to locate any reference to them.

I therefore am submitting a single new FOIA request-letter, which consolidates and substantially amends the above 2004 FOIA requests.  Because I am asking for different things, I present them as a series of requests.

### Requested Information

#### Request 1: Disclosure of 7C Information

I attach privacy waivers from Paul Goldstein, Lyndon H. LaRouche Jr., and Jeffrey Steinberg.  I request that any information regarding any of them in WMFO 196B-1918-364 (or the FBIHQ file copy of that airtel) be disclosed.

#### Request 2: Documents Declassified Prior to ISCAP Review

ISCAP's 7/27/04 letter to me informing me of its decisions was accompanied by an attached chart summarizing the decisions; the documents were designated simply by "document numbers" rather than their FBI serial numbers.  I have been told that this is the format in which the FBI made its submission to ISCAP.

A footnote on page 1 of ISCAP's chart, says that "Document Nos. 21 and 33 were determined to not contain any classified information and were therefore not considered by the Panel." (Copy of ISCAP letter and page 1 of attached chart attached hereto.)

I request that you provide me with the cited Documents 21 and 33.  In processing them for release, please release any information concerning Mr. Goldstein, Mr. LaRouche, and/or Mr. Steinberg, pursuant to the attached privacy waivers.

#### Request 3: Files Partially-Described in the WMFO Airtel

I request portions of the FBI Headquarters files which correspond to the below-listed files which are described in the attached WMFO airtel.  For each of the files listed below, I request:  (a) serials numbered 1 through 12, and (b) any other serials containing references to or information about Paul Goldstein, Lyndon H. LaRouche Jr., and/or Jeffrey Steinberg, whose privacy waivers are attached hereto.  Please so-process and release the following files described in the WMFO airtel:

-3-

Airtel page 2:

Item #2.  Re "Intelligence Activities - International
Terrorism - Iran."

Item #3.  Re "Intelligence Activities - International
Terrorism - Iraq."

Airtel page 3:

Item #6.  FBIHQ file corresponding to WFO file 105-
154017.

Airtel page 4:

Item #1.  Re "Executive Intelligence Review (EIR) WDC;
[REDACTED]; Foreign Police Cooperation.

Item #3.  199-HQ-221501

In processing this request, please make a complete and
thorough search of all filing systems and locations for all
documents and other information maintained by your office.
Please check all indices, including electronic surveillance
("Elsur") indices.

All documents and other information should be produced with
administrative markings and all reports should include the
administrative pages.

Please place any "missing" files pertaining to this request
on "special locate" and advise me that you have in fact done
this.

If documents and/or other information are/is denied, in
whole or in part, please specify which exemption(s) is (are)
claimed for each passage or whole record denied.  Please provide
a complete itemized inventory and a detailed factual
justification of total or partial denial of documents and/or
other information.  Specify the number of remaining pages in each
record and the total number of pages pertaining to this request.

In excising material, please "black out" the material rather
than "white out" or "cut out."  I expect, as provided by the

-4-

Freedom of Information Act, that the remaining non-exempt
portions of all documents and other information will be released.

I am willing to pay reasonable fees for costs involved in
processing this request.  If the estimated cost exceeds $25.00,
please contact me at the above address before proceeding, or by
telephone at (703) 777-9451 X334.

If you have any questions, please contact me at the above
address or telephone number.

As required by the Act as amended, I shall expect a response
from you within twenty working days.

Thank you for your cooperation in this matter.

Sincerely,

George Canning

TRANSMIT VIA:          PRECEDENCE          CLASSIFICATION: DOCUMENT # 48
[ ] Teletype          [ ] Immediate        [ ] TOP SECRET
[ ] Facsimile         [ ] Priority         [ ] SECRET
[X] AIRTEL            [ ] Routine          [ ] CONFIDENTIAL
                                           [ ] UNCLAS E F T O
                                           [ ] UNCLAS
                                           Date ___11/20/91___

TO:        DIRECTOR, FBI                              b 7 C
           (ATTN: FOIPA SECTION, DCU, ███████████ ROOM 6361,
           TL 244)

FROM:      SAC, WMFO (197-WF-177077)        ALL INFORMATION CONTAINED
                                            HERE IS UNCLASSIFIED EXCEPT
SUBJECT:   LYNDON LAROUCHE V.               WHERE SHOWN OTHERWISE
           U.S. DEPARTMENT OF JUSTICE
           CIVIL ACTION NO. 90-2753 (U)

     All information contained herein is classified secret
unless noted otherwise.

     Re FBIHQ teletypes dated 11/7/91, 11/12/91 and
11/14/91.

     Referenced teletypes requested several items of
information regarding several WMFO (including Alexandria and WFO)
file numbers.  WMFO's responses to the requested information are
keyed as follows:

           A - Subject of file              MAR 2 8 2000
           B - Synopsis                      CLASSIFIED BY: A4C 3967 BAH/#
           C - HQ file number                REASON: 1.5 ( CA )
           D - Date case was opened          DECLASSIFY ON: X 1, 6
           E - Date case was closed          civil Action# 90-2753
           F - Current classification level        SP7C(A)
           G - Prosecuted or publicly revealed      12-10-01
           H - FOIPA request for file                #01-0544

ALL INFORMATION CONTAINED              CLASSIFIED BY: G-3
HEREIN IS UNCLASSIFIED EXCEPT          DECLASSIFY ON: OADR
WHERE SHOWN OTHERWISE

                                       CLASSIFIED DECISIONS FINALIZED ISCAP
                                       BY DEPARTMENT REVIEW COMMITTEE (DRC)
                                       DATE: 1-25-04 (026) cc/Ncl(W)W
                                                        #01-0544
2-FBIHQ
(1)WMFO                                      196-1918-364
CAH:hcp
(3)

Approved: _____  Transmitted _____  Per _____
                                      (Number)    (Time)



197-WF-177077

The following information is in response to referenced teletypes:

HQ teletype dated 11/7/91:



1. AX ▓▓▓▓▓▓ - no such number    b7C
   WF
   A -
   B - Intelligence Activities - Soviet
   C - Unknown
   D - 9/2/54
   E - 12/23/54
   F - Secret
   G - No
   H - No

2. AX ▓▓▓▓▓▓    b7C
   A -
   B - Intelligence Activities - International
       Terrorism -Iran
   C - Unknown
   D - 3/23/83
   E - 1/12/84
   F - Secret
   G - No
   H - No

3. AX ▓▓▓▓▓▓    b7C
   A -
   B - Intelligence Activities - International
       Terrorism - Iraq
   C - Unknown
   D - 12/19/78
   E - 6/26/79
   F - Confidential
   G - No
   H - No

2



197-WF-177077

4. AX 199-1363
   A – ███████████
   B – Intelligence Activities - International
       Terrorism - Columbia
   C – 199-12167
   D – 9/27/84
   E – 2/3/86
   F – Secret
   G – No
   H – No

5. AX
   WF
   A –
   B –
   C –
   D –
   E –
   F – Secret
   G – No
   H – No



6. AX 105-154017 - no such number
   WF 105-154701
   See WMFO airtel to FBIHQ dated 11/4/91 and captioned
   as above.

7. AX 105-164-Sub D-514 - file destroyed 2/10/88

8. AX 199-1574
   A – Unsubs; Olof Palme, Prime Minister of Sweden -
   Victim (Deceased); Stockholm, Sweden, 2/23/86
   B – International Terrorism-X (Foreign Police
   Cooperation)
   C – Unknown
   D – 9/24/87
   E – 10/1/87
   F – Unknown
   G – Unknown
   H – No

3





197-WF-177077

    For the information of FBIHQ, AX file 199-1574 is
currently missing from file and has been put on locates.  When/if
this file is found, HQ will be notified.

    HQ teletype dated 11/12/91:

    1. WF [REDACTED] (S)
       A - Executive Intelligence Review (EIR), WDC "U"
       B - [REDACTED] Foreign
       Pol[REDACTED] (S)
       C - Unknown
       D - 10/27/83
       E - 8/12/86
       F - Secret
       G - No
       H - The file itself has not been the subject of a
       FOIPA request; however, some of the serials have
       been processed as cross references in FOIPA
       requests.

    2. WF 199-4574-6, p.4
       A - Unsubs(3); Assault of Sexton;Congregation Emanu-
       El, B'Ne Jeshurun, 2419 East Kenwood Boulevard,
       Milwaukee, Wisconsin; [REDACTED] - Victim
       B - Intelligence Activities; International
       Terrorism - Other
       C - Unknown (OO:Milwaukee)
       D - 12/10/85
       E - 2/27/86
       F - Secret
       G - No
       H - No

    3. WF 199-1695-787
       A - Iranian Intelligence Matters
       B - Intelligence Activities - International
       Terrorism - Iran
       C - 199-HQ-221501
       D - 2/19/82
       E - Ongoing
       F - Secret




197-WF-177077

G - No
H - The file itself has not been the subject of a
FOI/PA request; however, some of the serials may
have been processed as cross references in FOI/PA
requests.

4. WF
A -
B -



C -
D -
E -
F - Secr
G - No
H - No

5*

Interagency Security Classification Appeals Panel

MEMBERS

CENTRAL INTELLIGENCE
AGENCY
  Edmund Cohen
DEPARTMENT OF DEFENSE
  Carol A. Haave
DEPARTMENT OF JUSTICE
  James A. Baker
NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION
  Michael J. Kurtz
NATIONAL SECURITY COUNCIL
  William H. Leary, Chair
DEPARTMENT OF STATE
  Margaret P. Grafeld

c/o Information Security Oversight Office
700 Pennsylvania Avenue, N.W., Room 500
Washington, D.C  20408
Telephone  (202) 219-5250
Fax  (202) 219-5385
E-mail  iscap@nara.gov

EXECUTIVE SECRETARY

J. William Leonard, Director
INFORMATION SECURITY
OVERSIGHT OFFICE

July 27, 2004

Mr. George Canning
2 Cardinal Park Drive
Suite # 104A
Leesburg, VA 20175

Dear Mr. Canning:

Please be advised that the Interagency Security Classification Appeals Panel (ISCAP) has concluded its consideration of your second mandatory declassification review appeal and that the sixty-day period during which an agency head may appeal an ISCAP decision to the President has expired.  This appeal concerns 54 documents among the holdings of the Federal Bureau of Investigation (FBI).  Enclosed is a chart that describes the documents and outlines the ISCAP decisions.  As the documents subject to this appeal are in the physical and legal custody of the FBI, we have requested that the FBI, rather than the ISCAP staff, coordinate the actual release of the six documents in which information was declassified (Nos. 13, 14, 15, 22, 35, and 48).  If you have any questions about your appeal, please contact Steena Fullmer Anderson, William J. Bosanko, or me at (202) 219-5250.

Sincerely,

J. WILLIAM LEONARD
Executive Secretary

Enclosure

cc:   Mr. David M. Hardy
      Chief, Records Information and Dissemination Section
      Records Management Division, Federal Bureau of Investigation

      Mr. James A. Baker
      Counsel for Intelligence Policy, U.S. Department of Justice

ISCAP DECISIONS ON THE SECOND APPEAL FILED BY GEORGE CANNING*

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Canning 2, Document No. 1  ISCAP No. 2002-0013 | Message  2 Pages  Secret | AFFIRMED THE CLASSIFICATION OF ALL REMAINING CLASSIFIED PORTIONS  E.O. 12958, as amended, §1.4(c) and (d) |
| Canning 2, Document No. 2  ISCAP No. 2002-0013 | Message to Director FBI from Legat London  1 Page  Secret | AFFIRMED THE CLASSIFICATION OF ALL REMAINING CLASSIFIED PORTIONS  E.O. 12958. as amended, §1.4(d) |
| Canning 2, Document No. 3  ISCAP No. 2002-0013 | Classified in its entirety  2 Pages  Confidential | AFFIRMED THE CLASSIFICATION OF THE ENTIRE DOCUMENT  E.O. 12958, as amended, §1.4(b) and (d) |
| Canning 2, Document No. 4  ISCAP No. 2002-0013 | Message to Acting Director FBI from Legat Ottawa  1 Page  Confidential | AFFIRMED THE CLASSIFICATION OF ALL REMAINING CLASSIFIED PORTIONS  E.O. 12958, as amended, §1.4(d) |
| Canning 2, Document No. 5  ISCAP No. 2002-0013 | Classified in its entirety  24 Pages  Confidential | AFFIRMED THE CLASSIFICATION OF THE ENTIRE DOCUMENT  E.O. 12958, as amended, §1.4(b) and (d) |
| Canning 2, Document No. 6  ISCAP No. 2002-0013 | Message to Acting Director FBI from Legat Ottawa  2 Pages  Confidential | AFFIRMED THE CLASSIFICATION OF ALL REMAINING CLASSIFIED PORTIONS  E.O. 12958, as amended, §1.4(d) |
| Canning 2, Document No. 7  ISCAP No. 2002-0013 | Classified in its entirety  7 Pages  Confidential | AFFIRMED THE CLASSIFICATION OF THE ENTIRE DOCUMENT  E.O. 12958, as amended, §1.4(b) and (d) |

* Please note that this appeal originally contained 56 documents.  Document Nos. 21 and 33 were determined to not contain any classified information and were therefore were not considered by the Panel.

## RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George
Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all
information in the possession of the Federal Bureau of
Investigation which in any way pertains to me, which is contained
in information responsive to Mr. Canning's Freedom of Information
Act request dated September 29, 2007.

```
FULL NAME:           Paul Neil Goldstein
DATE OF BIRTH:       ███████████
PLACE OF BIRTH:      New York, New York
SOCIAL SECURITY #:   ███████████
```

I hereby certify under penalty of perjury under the laws of
the United States of America, that the above information
identifies me personally, and is true and correct.

Date: _Oct. 27, 2007_        _Paul N. Goldst_
                              PAUL N. GOLDSTEIN

## RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all information in the possession of the Federal Bureau of Investigation which in any way pertains to me, which is contained in information responsive to Mr. Canning's Freedom of Information Act request dated September 29, 2007.

| | |
|---|---|
| FULL NAME: | Lyndon Hermyle LaRouche, Jr. |
| DATE OF BIRTH: | ███████████████ |
| PLACE OF BIRTH: | Rochester, New Hampshire |
| SOCIAL SECURITY #: | ███████████ |

I hereby certify under penalty of perjury under the laws of the United States of America, that the above information identifies me personally, and is true and correct.

Date: _Oct 30, 2007_

_Lyndon H. LaRouche_
LYNDON H. LAROUCHE, JR.

## RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all information in the possession of the Federal Bureau of Investigation which in any way pertains to me, which is contained in information responsive to Mr. Canning's Freedom of Information Act request dated September 29, 2007.

FULL NAME:          Jeffrey Steinberg
DATE OF BIRTH:      ████████████
PLACE OF BIRTH:     Irvington, New Jersey
SOCIAL SECURITY #:  ████████████


I hereby certify under penalty of perjury under the laws of the United States of America, that the above information identifies me personally, and is true and correct.


Date: __10/11/07__          _____
                              JEFFREY STEINBERG



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D C  20535-0001

April 9, 2008

**FILED**
JUL 1 9 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Mr. George Canning
60 Sycolin Road
Leesburg, VA 20175

Request No.: 1101354-000
Subject:  Executive Intelligence Review -
WDC FPC/Intelligence Activities
Iran-Iraq

Dear Mr. Canning:

This is in response to your recent letter dated March 29, 2008, asking for clarification on the request number referenced above.  This FOIA request was opened in response to your letter of September 29, 2007 with the heading Formerly Classified Files.

Both the Headquarters and Washington Field Office requests were assigned the same request number.  As of this date we are attempting to identify records responsive to your request.  You patience in this matter is appreciated.

Sincerely yours,

David M Hardy/kls

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

60 Sycolin Road
Leesburg, VA 20175
April 21, 2009

**FILED**

Federal Bureau of Investigation
Records/Information
  Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

JUL 19 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of

RE:  FOIPA No. 1101354-000

Li 1195

To whom it may concern:

     The above FOIPA number concerns parallel requests I made to
FBI Headquarters and the Washington Field Office.[1]  I made the
requests as the result of declassification determinations by the
Interagency Security Classification Appeals Panel (ISCAP), and
particularly as a result of one of the documents the FBI
partially released pursuant to those determinations.

     My notes indicate there was some confusion about the
processing of these requests, and I am writing to you to state my
understanding about that processing.  If my understanding is
incorrect, please send me a letter about the true state of
affairs.

     <u>Washington Field Office Request</u>

     The request to WFO attached an airtel released pursuant to
ISCAP's determinations; the airtel concerns several file numbers
involved in Lyndon LaRouche's FOIA lawsuit against the DOJ.  The
request specifies five WFO or Alexandria files which are
discussed in the airtel, and asks for each of them, "(a) serials
numbered 1 through 12, and (b) any other serials containing
references to or information about Paul Goldstein, Lyndon H.
LaRouche Jr., and/or Jeffrey Steinberg."[2]

     The last I heard about the processing of this request, was a
conversation I had with Ronald Melton of your Savannah office on
October 8, 2009, who told me he was processing <u>only</u> the WFO
request, but not the FBIHQ request.

---

     [1]  The letters are dated September 29, 2007, but were mailed
on November 5, 2007.

     [2]  Privacy waivers from all three men were provided with the
request letter.

-2-

I would appreciate it, if you can give me some indication when a substantive response will be made about this request.

## FBI Headquarters Request

The request to FBI Headquarters likewise seeks limited disclosures from FBIHQ files discussed in the airtel.  In addition, this request seeks

- disclosure in the airtel itself, of any information about Goldstein, LaRouche, or Steinberg; and

- a document which the FBI had declassified prior to the ISCAP review (which ISCAP had therefore not reviewed).

During December 2008, I had several telephone conversations with Dave Soboya of your office.  At one point Mr. Soboya indicated that you had considered the FBIHQ request as duplicative of the WFO request and had closed it.  I pointed out to him (a) that an FBIHQ investigative file frequently has documents not included in the field office file and thus some of the documents I've requested may duplicate items in the WFO files, but others or may not; and (b) that the FBIHQ request also includes the two items which I've "bulleted" above.

On or about December 17, 2008, Mr. Soboya left a message on my voice mail, asking that I file a new FOIA request specifying which FBI files I was seeking.  On December 22, 2008, I left a message for Mr. Soboya on your office's voice mail system, to the effect that the files I am seeking are straightforwardly described on pages 2-3 of my request letter, and the request should be processed.  In a second voice mail message later the same day, I asked that my request be placed in the queue as per the November 5, 2007 mailing date.

I have received no further information about this request, and likewise would appreciate it, if you can give me some indication when a substantive response will be made.

Thank you for your cooperation in this matter.

Sincerely,

George Canning

60 Sycolin Road
Leesburg, VA 20175
September 29, 2007

**FILED**

Federal Bureau of Investigation
Washington Field Office
ATTN:  Freedom of Information
601 4th Street, NW
Washington, DC 20535-0002

JUL 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RE:  FOIA Request - Formerly Classified Files                    Li  i ｜ｉᵉ

To whom it may concern:

      This is a request under the Freedom of Information Act, as
amended (5 USC 552).  I request that a search be made as more
fully described below and that access to or copies of documents
and other information be provided as follows.

<u>Introduction</u>

      In March 2001, I filed a request for mandatory
classification review with DOJ's Department Review Committee
(DRC), concerning certain documents which had been at issue in an
FOIA lawsuit.  DRC designated that request with their number
FBI/01-R0544, and forwarded it to the FBI.  In March 2002, I
appealed FBI's non-response to the Interagency Security
Classification Appeals Panel (ISCAP), which designated it
variously as #2002-013 and "Canning 2."  ISCAP rendered a
decision on May 17, 2004.

      On September 9, 2004, FBI Headquarters released FBI
information which had been declassified by the ISCAP (FBIHQ
Appeal No. 01-9544).  Included in that release were pages 1 and
3-5 of WMFO 196B-1918-364, a November 20, 1991 WMFO airtel
(hereafter, "the WMFO airtel").  I attach those pages, plus page
2 of the airtel from a previous FOIA release, for your reference.

      On October 4, 2004, I mailed to your unit via certified
mail, return receipt requested, three related FOIA requests which
I had dated September 16, September 17, and September 20, 2004.
These were accompanied by a cover letter dated October 1, 2004.
On October 20, 2004, FBI Headquarters sent me a letter
acknowledging my request had been referred there by your office,
and designated it with FBIHQ FOIPA No. 1006734.  On November 17,
2004, FBI Headquarters informed me that the information I'd
requested was unavailable.  I appealed that determination to the
DOJ Office of Information and Privacy, which upheld that response
in October 2005.

████  ████████████  ██████████  ██

‾‾        <u>Canning v. Dept. of Justice</u>        ‾‾
            Complaint Exh. #D

-2-

I therefore am submitting a single new FOIA request-letter, which substantially amends the above 2004 FOIA request.

### Requested Information

I request portions of the Alexandria and/or WFO files which are described in the attached WMFO airtel.  (Please be advised, I am requesting the corresponding FBIHQ files from FBI Headquarters.)  For each of the files listed below, I request: (a) serials numbered 1 through 12, and (b) any other serials containing references to or information about Paul Goldstein, Lyndon H. LaRouche Jr., and/or Jeffrey Steinberg.  I attach privacy waivers from Mr. Goldstein, Mr. LaRouche, and Mr. Steinberg.  Please so-process and release the following files described in the airtel:

Airtel page 2:

Item #2.  AX file re "Intelligence Activities - International Terrorism - Iran."

Item #3.  AX file re "Intelligence Activities - International Terrorism - Iraq."

Airtel page 3:

Item #6.  WFO file 105-154017.

Airtel page 4:

Item #1.  WFO file re "Executive Intelligence Review (EIR) WDC; [REDACTED]; Foreign Police Cooperation.

Item #3.  WFO file 199-1695.  Please include serial 787.

In processing this request, please make a complete and thorough search of all filing systems and locations for all documents and other information maintained by your office. Please check all indices, including electronic surveillance ("Elsur") indices.

All documents and other information should be produced with administrative markings and all reports should include the administrative pages.

-3-

Please place any "missing" files pertaining to this request on "special locate" and advise me that you have in fact done this.

If documents and/or other information are/is denied, in whole or in part, please specify which exemption(s) is (are) claimed for each passage or whole record denied.  Please provide a complete itemized inventory and a detailed factual justification of total or partial denial of documents and/or other information.  Specify the number of remaining pages in each record and the total number of pages pertaining to this request.

In excising material, please "black out" the material rather than "white out" or "cut out."  I expect, as provided by the Freedom of Information Act, that the remaining non-exempt portions of all documents and other information will be released.

I am willing to pay reasonable fees for costs involved in processing this request.  If the estimated cost exceeds $25.00, please contact me at the above address before proceeding, or by telephone at (703) 777-9451 X334.

If you have any questions, please contact me at the above address or telephone number.

As required by the Act as amended, I shall expect a response from you within twenty working days.

Thank you for your cooperation in this matter.

Sincerely,

George Canning

TRANSMIT VIA      PRECEDENCE     CLASSIFICATION # 43
[ ] Teletype        [ ] Immediate     [ ] TOP SECRET
[ ] Facsimile       [ ] Priority       [ ] SECRET
[ ] ___AIRTEL___    [ ] Routine       [ ] CONFIDENTIAL
                                      [ ] UNCLAS E F T O
                                      [ ] UNCLAS
                                      Date ___11/20/91___

SECRET

b7C

TO:      DIRECTOR, FBI
         (ATTN: FOIPA SECTION, DCU, ▓▓▓▓▓▓▓ ROOM 6361,
         TL 244)

FROM:    SAC, WMFO (197-WF-177077)

SUBJECT:   LYNDON LAROUCHE V.
          U.S. DEPARTMENT OF JUSTICE
          CIVIL ACTION NO. 90-2753 (U)

      ALL INFORMATION CONTAINED HERE IS UNCLASSIFIED EXCEPT WHERE SHOWN OTHERWISE

      All information contained herein is classified secret unless noted otherwise.

      Re FBIHQ teletypes dated 11/7/91, 11/12/91 and 11/14/91.

      Referenced teletypes requested several items of information regarding several WMFO (including Alexandria and WFO) file numbers. WMFO's responses to the requested information are keyed as follows:

             A – Subject of file
             B – Synopsis
             C – HQ file number
             D – Date case was opened
             E – Date case was closed
             F – Current classification level
             G – Prosecuted or publicly revealed
             H – FOIPA request for file

MAR 2 8 2000
CLASSIFIED BY: A4C 39677 B4H/JH
REASON: 1.5 ( CA )
DECLASSIFY ON: X 1, 6
civil Action# 90-2753
SP7CI/A
12-10-01
# 01-0544

ALL INFORMATION CONTAINED HEREIN IS UNCLASSIFIED EXCEPT WHERE SHOWN OTHERWISE.

CLASSIFIED BY: G-3
DECLASSIFY ON: OADR

2-FBIHQ
1-WMFO
CAH:hcp
(3) RCP

PLA 03143

CLASSIFIED DECISIONS FINALIZED I SCAD
BY DEPARTMENT REVIEW COMMITTEE (DRC)
DATE: 1-25-04  6-26-0 or /Null CA/P
# 01-0544

196-1918-364

Approved: _____    Transmitted _____
                             (Number)    (Time)



197-WF-177077

The following information is in response to referenced
teletypes:

HQ teletype dated 11/7/91:



1.  AX ███████████ – no such number          67C
    WF ███████████
    A – ███████████
    B – Intelligence Activities – Soviet
    C – Unknown
    D – 9/2/54
    E – 12/23/54
    F – Secret
    G – No
    H – No

2.  AX ███████████                           67C
    A – ███████████
    B – Intelligence Activities – International
        Terrorism –Iran
    C – Unknown
    D – 3/23/83
    E – 1/12/84
    F – Secret
    G – No
    H – No

3.  AX ███████████                           67C
    A – ███████████
    B – Intelligence Activities – International
        Terrorism – Iraq
    C – Unknown
    D – 12/19/78
    E – 6/26/79
    F – Confidential
    G – No
    H – No

2



199-WO-177077

b7c

4. AX 199-1363
   A –
   B – Intelligence Activities – International
       Terrorism – Columbia
   C – 199-12167
   D – 9/27/84
   E – 2/3/86
   F – Secret
   G – No
   H – No

5. AX
   WF
   A –
   B –
   C –
   D –
   E –
   F – Secret
   G – No
   H – No



(S)

6. AX 105-154017 – no such number
   WF 105-154701
   See WMFO airtel to FBIHQ dated 11/4/91 and captioned
   as above.

7. AX 105-164-Sub D-514 – **file destroyed 2/10/88**

8. AX 199-1574
   A – Unsubs; Olof Palme, Prime Minister of Sweden –
   Victim (Deceased); Stockholm, Sweden, 2/23/86
   B – International Terrorism-X (Foreign Police
   Cooperation)
   C – Unknown
   D – 9/24/87
   E – 10/1/87
   F – Unknown
   G – Unknown
   H – No

3



1-7-WF-177077

For the information of FBIHQ, AX file 199-1574 is
currently missing from file and has been put on locates.  When/if
this file is found, HQ will be notified.

HQ teletype dated 11/12/91:

1. WF ▓▓▓▓▓▓▓▓ (S)    b1
   A - ▓▓▓▓ecutive Intelligence Review (EIR), WDC "U"
   B - ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Foreign  b1
   Pol▓▓▓▓ (S)
   C - Unknown
   D - 10/27/83
   E - 8/12/86
   F - Secret
   G - No
   H - The file itself has not been the subject of a
       FOIPA request; however, some of the serials have
       been processed as cross references in FOIPA
       requests.

2. WF 199-4574-6, p.4
   A - Unsubs(3); Assault of Sexton;Congregation Emanu-
       El, B'Ne Jeshurun, 2419 East Kenwood Boulevard,
       Milwaukee, Wisconsin; ▓▓▓▓▓▓▓ - Victim    b7C
   B - Intelligence Activities; International
       Terrorism - Other
   C - Unknown (OO:Milwaukee)
   D - 12/10/85
   E - 2/27/86
   F - Secret
   G - No
   H - No

3. WF 199-1695-787
   A - Iranian Intelligence Matters
   B - Intelligence Activities - International
       Terrorism - Iran
   C - 199-HQ-221501
   D - 2/19/82
   E - Ongoing
   F - Secret

4





SECRET

137-WF-177077

G - No
H - The file itself has not been the subject of a
FOI/PA request; however, some of the serials may
have been processed as cross references in FOI/PA
requests.

4. WF
A -
B -

C -
D -
E -
F - Secr
G - No
H - No

b/

(S)

5

## RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all information in the possession of the Federal Bureau of Investigation which in any way pertains to me, which is contained in information responsive to Mr. Canning's Freedom of Information Act request dated September 29, 2007.

FULL NAME:        Paul Neil Goldstein
DATE OF BIRTH:    ████████
PLACE OF BIRTH:   New York, New York
SOCIAL SECURITY #: ████████


I hereby certify under penalty of perjury under the laws of the United States of America, that the above information identifies me personally, and is true and correct.

Date: _OCN 27, 2007_ .        _Paul N. Goldstein_
                              _____
                                 PAUL N. GOLDSTEIN

## RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

    I hereby request and authorize you to release to George Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all information in the possession of the Federal Bureau of Investigation which in any way pertains to me, which is contained in information responsive to Mr. Canning's Freedom of Information Act request dated September 29, 2007.

        FULL NAME:           Lyndon Hermyle LaRouche, Jr.
        DATE OF BIRTH:
        PLACE OF BIRTH:      Rochester, New Hampshire
        SOCIAL SECURITY #:


    I hereby certify under penalty of perjury under the laws of the United States of America, that the above information identifies me personally, and is true and correct.


Date: _Oct 30, 2007_                _[signature]_
                                 LYNDON H. LAROUCHE, JR.

RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all information in the possession of the Federal Bureau of Investigation which in any way pertains to me, which is contained in information responsive to Mr. Canning's Freedom of Information Act request dated September 29, 2007.

FULL NAME:          Jeffrey Steinberg
DATE OF BIRTH:      ████████
PLACE OF BIRTH:     Irvington, New Jersey
SOCIAL SECURITY #:  ████████

I hereby certify under penalty of perjury under the laws of the United States of America, that the above information identifies me personally, and is true and correct.

Date: 10/11/07                    _____
                                  JEFFREY STEINBERG



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535* **FILED**

**JUL 1 9 2011**

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

April 30, 2009

MR. GEORGE CANNING
60 SYCOLIN ROAD
LEESBURG, VA 20175

Subject: EXECUTIVE INTELLIGENCE REVIEW-WDC
FPC/INTELLIGENCE ACTIVITIES IRAN-IRAQ

FOIPA No. 1101354- 000

Dear Mr. Canning:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  Section 552  |  |  Section 552a  |
| --- | --- | --- |
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |  | ☐(k)(7) |

239 **page(s)** were reviewed and 86 **page(s)** are being released.

☒ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☒ referred to the OGA for review and direct response to you.

    ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal". Please cite the FOIPA Request Number assigned to your request so that it may be identified easily.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

*Canning v. Dept. of Justice*
Complaint Exh. #E

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

The enclosed material is responsive to your FOIA request to the FBI Washington Field Office.

A search of the FBIHQ electronic surveillance indices has been conducted. No responsive record indicating that the subjects of your request have ever been the target of an electronic surveillance was located.

To minimize costs to both you and the FBI, duplicate copies of the same document were not processed.

60 Sycolin Road
Leesburg, VA 20175
June 20, 2009

Director
Office of Information and Privacy
U.S. Department of Justice
1425 New York Ave., NW, Ste. 11050
Washington, DC 20530-0001

**FILED**

JUL 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ι ι  ιιᵍ⁵

RE:  FOIA Appeal - FBI FOIPA No. 1101354-000
     (Washington Field Office)

To whom it may concern:

     This is an appeal of the denial of information requested by
me under the Freedom of Information Act and agency regulations.
My letter of request to the FBI's Washington Field Office, dated
September 29, 2007, was denied in part by David M. Hardy, Chief
of the Records/Information Dissemination Section, Records
Management Division of the FBI, by letter dated April 30, 2009.
A copy of the denial letter is attached (enclosures omitted).

     The issues on this appeal are framed by the terms of the
denial letter.  In that letter Mr. Hardy invoked the terms of
Exemptions 1, 2, 6, 7(C), 7(D), and 7(E), and concluded that
access would be denied to those materials.  The explanation of
that denial is insufficient in scope, lacking in legal basis, and
incapable of withstanding close scrutiny by the courts, should
judicial de novo review be sought.

     The FBI asserts that the material is exempt under 5 U.S.C.
552(b)(1).  The cited exemption does not cover this type of
material because it is not properly classified under Executive
Order 12958 (as amended by EO 13292).  Some of the material
withheld does not meet the criteria set out in the Executive
Order for classification of information.  Some of the material
has been classified, in violation of the Executive Order, to
conceal violations of the law, inefficiency, or administrative
error, or to prevent embarrassment to the FBI and/or specific
personnel.  Therefore, the exemption claimed in this matter does
not support withholding of this information under the Freedom of
Information Act.

     Further, to the extent no declassification review has been
done, or that none has been done within the last year, I hereby
request such a declassification review of all presently
classified information in the documents, pursuant to Executive
Order 12958 (as amended by EO 13292) §3.5.

-2-

The FBI also asserts that some of the material is exempt under 5 U.S.C. 552(b)(2).  The cited exemption does not cover this type of material to the extent it is not related solely to the internal rules and practices of the agency, nor will disclosure cause or allow circumvention of agency regulations. I particularly draw your attention to the possible use of Exemption 2 to withhold the publicly-known name of one or more intelligence agencies, e.g. the CIA; the names of intelligence agencies are certainly not internal to any agency.

The FBI also asserts that material is exempt under 5 U.S.C. 552(b)(6) and 5 U.S.C. 552(b)(7)(C).  The cited exemptions do not cover this type of material because its release of the cited material is not an unwarranted invasion of privacy.  Some of the withheld material consists solely of information provided by a person interviewed, which does not identify the interviewee. Therefore, the exemption claimed in this matter does not support withholding of this information under the Freedom of Information Act.

The FBI also asserts that some of the material is exempt under 5 U.S.C. 552(b)(7)(D).  The cited exemption does not cover this type of material because the information was not provided to the FBI on a confidential basis.  "Explicit confidentiality" is not stated in the text of the documents, and there is no extraneous information recording such confidentiality.  In the documents captioned to "Executive Intelligence Review" or "EIR," the nature of the alleged offense under investigation has been redacted, so it is impossible for me to tell whether "implied confidentiality" might properly be asserted by the FBI, but for purposes of this appeal, I state that it is not.  EIR was founded and run by the LaRouche movement, which at the time of the documents in the release was under investigation for alleged financial crimes.  Courts have ruled (in both Mr. LaRouche's FOIA case against the DOJ, and Gail Billington's) that "implied confidentiality" of a source in a financial-crimes investigation, without evidence of specific reasons for the source to be afraid, is an inappropriate inference.

Because the Freedom of Information Act exemptions do not cover the requested material, I request that you review the record and order the withheld information be disclosed to me.

- 3 -

Pursuant to the Act's requirements on administrative appeals, I request a response to this appeal within twenty working days.

Sincerely,

George Canning



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

JUL 23 2009

**FILED**

JUL 19 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Mr. George Canning
60 Sycolin Road
Leesburg, VA 20175

    Re:  Request No. 1101354

Dear Mr. Canning:

    This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on July 21, 2009.

    The Office of Information Policy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **09-2237**.  Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                        Sincerely,

                        Priscilla Jones
                        Supervisory Administrative Specialist

**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                     _Washington, D.C. 20530_

**FILED**

JUL 1 9 201'

Clerk, U.S. District & Bar
Courts for the District of (

Mr. George Canning                  Re:   Appeal No. 09-2237
60 Sycolin Road                           Request No. 1101354
Leesburg, VA  20175                       ADW:KWC

Dear Mr. Canning:

      You attempting to appeal from the action of the Federal Bureau of Investigation on your
request for access to certain records described in your request.

      Pursuant to 28 C.F.R. § 16.9(a) (2009), the Office of Information Policy must receive
your appeal "within 60 days of the date of the letter denying your request." By letter dated
April 30, 2009, the FBI responded to your request and advised you of your appeal rights. Your
letter attempting to appeal was dated June 20, 2009, and was received by this Office on
July 21, 2009, twenty-one days after the regulatory deadline. Therefore, I am closing your appeal
file due to your failure to timely appeal.

                                    Sincerely,

                                    Janice Galli McLeod
                                    Associate Director

60 Sycolin Road
Leesburg, VA 20175
April 17, 2010

Assoc. Director Janice McLeod
Office of Information Policy
U.S. Department of Justice
1425 New York Ave., NW, Ste. 11050
Washington, DC 20530-0001

RE:  Request for Reconsideration –
     OIP Appeal No. 09-2237

**FILED**

**JUL 1 9 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Ms. McLeod:

        I received in today's mail your letter dated April 16, 2010
(yesterday) concerning my above FOIA appeal, in which you closed
the file without ruling on my appeal (copy attached for your
reference.  Your letter says that your office received my appeal
on July 21, 2009, which is "twenty-one days after the regulatory
deadline," i.e. the 60 days from the date of the FBI's
transmittal letter (April 30, 2009) which accompanied the
partially-released information.

        While I appreciate and (do not contest) the need to adhere
to deadlines as a general principle, I ask you to consider the
following facts, and re-open my appeal for a ruling.

        As you noted, my appeal letter was dated June 20, 2009,
which was a Saturday.  As you can see, it was sent to the address
provided to me by the FBI's letter.  It is my practice when I
write correspondence, to put it in my office's mailroom either
the same day or the following morning; such items ultimately go
out <u>within</u> a day or two.  I assume the letter went out on or
about June 22, 2009.  There is nothing in my file to indicate I
made any other delay in mailing my appeal letter.[1]

        In general, first-class mail between Leesburg and Washington
is delivered within several days, though sometimes, as in the
case of your letter of yesterday, it is delivered as quickly as
next-day.  So I estimate that the mail-intake point for OIP (e.g.
your or your building's "mailroom") received my appeal letter by
about June 25, 2009 – not July 21, 2009.  That is 56 days from

_____

        [1]  I hereby request, that if you still have the envelope in
which I mailed my appeal letter, that that envelope be preserved
for any future reference.

___  <u>Canning v. Dept. of Justice</u>  ___
      Complaint Exh. #I

-2-

the date of the FBI's letter, which is of course within the
regulatory limit.

Perhaps your office-suite did ultimately receive my letter
on July 21. The length of time it takes for your office-suite to
receive delivery of mail from your intake-point, is not within my
control, and I believe I should not be penalized because it took
the Justice Department an estimated 26 days to deliver my letter
to you.

I believe I made every effort - short of personally
delivering my letter to your office - to comply with the
deadline, and I believe it likely my letter reached your address
within the deadline. Again, I believe it is unfair to penalize
me for the failures of the U.S. Postal Service and/or the Justice
Department's internal mail system. I therefore, again, request
you reconsider your ruling, and re-open my appeal.

Sincerely,

George Canning

**U.S. Department of Justice**

Office of Information Policy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*
                                               JUN 1 5 2010


Mr. George Canning                 Re:   Appeal No. 09-2237
60 Sycolin Road                          Request No. 1101354
Leesburg, VA  20175                      MJK:KWC

Dear Mr. Canning:

       This responds to your letter dated April 17, 2010, in which you requested that I reconsider
this Office's decision on your attempt to appeal from the action of the Federal Bureau of
Investigation on your request for access to certain records.

       After carefully considering this matter, I have determined that this Office's original
decision, as outlined by this Office's letter dated April 16, 2010, was appropriate.

       Pursuant to 28 C.F.R. § 16.9(a) (2009), the Office of Information Policy must receive
your appeal "within 60 days of the date of the letter denying your request." Your letter
attempting to appeal was dated June 20, 2009, was postmarked June 24, 2009, and was received
by this Office on July 21, 2009, twenty-one days after the regulatory deadline. Furthermore, your
letter was date stamped by the Department of Justice mail room on July 13, 2010, two weeks
after the regulatory deadline.

                            Sincerely,

                            *Anne D. Work* (signature)

                            Anne D. Work
                            Acting Senior Counsel
                            Administrative Appeals Staff


**FILED**

JUL 1 9 2011

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

Canning v. Dept. of Justice
Complaint Exh.  #J

60 Sycolin Road
Leesburg, VA 20175
July 18, 2009

David M. Hardy
Chief, Records/Information Dissemination Section
Federal Bureau of Investigation
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

RE:   FOIA Request:
      FBI Information Declassified by ISCAP
      ISCAP Appeal No. 2004-017 (Jeffrey Steinberg)
      ISCAP Appeal No. 2006-014 ("Canning 7")
      ISCAP Appeal No. 2006-017 ("Canning 6")

Mr. Hardy:

        The three referenced ISCAP appeals concern materials which
were declassified by the Interagency Security Classification
Appeals Panel.  I sent you a letter on January 31, 2009 about my
two appeals.  (Copy attached for your reference.)  Since that
time, I have communicated from time to time with Nicholas Delaney
of your office about those materials plus those of Jeffrey
Steinberg, an associate of mine who has asked me to try to get
the materials released to him.[1]  I have to this date been unable
to persuade the FBI to release any of these materials.

                    Request For Release of Materials
                    Containing Declassified Information

        I therefore request that you release to me, pursuant to the
Freedom of Information Act (5 U.S.C. 552) the information
declassified by ISCAP in the referenced appeals, as described
more specifically below.  Please segregate the materials for each

--------

        [1]  One complication regarding Mr. Steinberg's appeal, is
that subsequent to ISCAP's September 19, 2008 letter to Dep.
Attorney General Olsen informing him that ISCAP's rulings had
become final, we discovered in a review of old releases of the
documents at issue, that the FBI had failed to submit certain
materials in one serial for ISCAP's review; Mr. Steinberg so-
notified ISCAP by letter dated October 3, 2008 and asked for a
review of the material.  (Copy attached.)  To the best of my
knowledge, Mr. Steinberg has received no response from ISCAP, but
in one of our conversations, Mr. Delaney said that ISCAP was
reviewing the additional material.

Canning v. Dept. of Justice
Complaint Exh. #K

FILED

JUL 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

-2-

appeal from those of the other appeals, with appropriate labelling so that Mr. Steinberg and I may discern what has been declassified.  I request that for documents in which some or all information has been declassified, that you provide the entire document, processed per ISCAP's determinations.

    Please **DO NOT** conduct a new classification/declassification review of any information which ISCAP <u>did not</u> declassify.

    I attach privacy waivers from Mr. Steinberg (which, further, permits me to receive the information which was declassified pursuant to <u>his</u> mandatory declassification review request to the Department of Justice), and Lyndon H. LaRouche Jr.  Please note that these privacy waivers have been executed by Mr. Steinberg and Mr. LaRouche and sworn under penalty of perjury, as per <u>Summers v. Dept. of Justice</u>, 999 F.2d 570 (D.C. Cir. 1993).


    The following is a full description of each of the three appeals, from the information available to me.


     <u>ISCAP Appeal No. 2004-017 (Jeffrey Steinberg)</u>

6/19/02   Steinberg letter to DRC requesting mandatory
          declassification review.

11/12/02  FBIHQ letter to Steinberg denying declassification.

11/15/02  Steinberg letter to DOJ OIP appealing FBI
          determination.  OIP acknowledged appeal by letter dated
          12/6/02, and assigned it #03-0568.

5/20/03   Steinberg appeal letter to ISCAP.  ISCAP acknowledged
          appeal by letter dated 6/2/04.

10/17/03  FBIHQ letter to Steinberg, designated FOIPA No.
          0979701-000, enclosed document copies ; appears to be
          the materials reviewed and denied 11/12/02.

7/31/08   ISCAP letter to AG Mukasey, notifying him of ISCAP's
          determinations, and the opportunity to appeal to the
          President.

9/19/08   ISCAP letter to AG Mukasey, notifying him that the
          decisions are now final.  (Copy attached.)

-4-

9/19/08    ISCAP letter to AG Mukasey, notifying him of ISCAP's
           determinations, and the opportunity to appeal to the
           President.

12/5/08    ISCAP letter to AG Mukasey, notifying him that the
           decisions are now final.  (Copy attached.)

All documents and other information should be produced with
administrative markings and all reports should include the
administrative pages.

Please place any "missing" files pertaining to this request
on "special locate" and advise me that you have in fact done
this.

If documents and/or other information are/is denied, in
whole or in part, please specify which exemption(s) is (are)
claimed for each passage or whole record denied.  Please provide
a complete itemized inventory and a detailed factual
justification of total or partial denial of documents and/or
other information.

I request that if any entire pages are withheld, that you
either denote such pages (a) with FBI FOIPA Deleted Page
Information Sheet forms in place of each such withheld page(s)
indicating the number of pages withheld and the FOIA exemptions
asserted, OR (b) with a chart providing the same information plus
the document page numbers of the withheld pages on a document-by-
document basis.

In excising material, please "black out" the material rather
than "white out" or "cut out."  I expect, as provided by the
Freedom of Information Act, that the remaining non-exempt
portions of all documents and other information will be released.

I am willing to pay reasonable fees for costs involved in
processing this request.  If the estimated cost exceeds $20.00,
please contact me at the above address, or by telephone at
703-434-1904,  before proceeding.

If you have any questions, please contact me at the above
address or telephone number.

As required by the Act as amended, I shall expect a response
from you within twenty working days.

-5-

Thank you for your cooperation in this matter.

Sincerely,

George Canning

## RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George
Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all
information in the possession of the Federal Bureau of
Investigation which in any way pertains to me, which is contained
in information responsive to Mr. Canning's Freedom of Information
Act request dated July 18, 2009.  This further authorizes you to
release to Mr. Canning, any and all materials processed by the
FBI pursuant to ISCAP Appeal No. 2004-017.

FULL NAME:            Jeffrey Steinberg
DATE OF BIRTH:        ███████████
PLACE OF BIRTH:       Irvington, New Jersey
SOCIAL SECURITY #:    ███████████

I hereby certify under penalty of perjury under the laws of
the United States of America, that the above information
identifies me personally, and is true and correct.

Date: ___7/19/09___          ___Jeffrey Steinberg___
                                JEFFREY STEINBERG

RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all information in the possession of the Federal Bureau of Investigation which in any way pertains to me, which is contained in information responsive to Mr. Canning's Freedom of Information Act request dated July 18, 2009.

FULL NAME:          Lyndon Hermyle LaRouche, Jr.
DATE OF BIRTH:      ▇▇▇▇▇▇▇
PLACE OF BIRTH:     Rochester, New Hampshire
SOCIAL SECURITY #:  ▇▇▇▇▇▇▇

I hereby certify under penalty of perjury under the laws of the United States of America, that the above information identifies me personally, and is true and correct.

Date: July 25, 2009                    LYNDON H. LAROUCHE, JR.

60 Sycolin Road
Leesburg, VA 20175
January 31, 2009

David M. Hardy
Chief, Records/Information Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843



RE:   FBI Information Declassified by ISCAP
      ISCAP Appeal No. 2006-014
      ISCAP Appeal No. 2006-017

Mr. Hardy:

      I assume that your section is the correct one, to which this
letter should be sent.  If that is incorrect, please forward it
to the correct section.

      I recently received copies of December 5, 2008 letters from
the Interagency Security Classification Appeals Panel to Deputy
Asst. Attorney General Olsen of the National Security Division,
informing him that the time to appeal ISCAP's declassification
decisions had expired.  (Copies enclosed.)  The letters inform
AAG Olsen that it is DOJ's responsibility to release the
documents.

      I have been unable, despite multiple telephone calls to your
office, to obtain the documents, or otherwise get any information
about when they will be released.  Please release the documents
to me.


      Thank you for your cooperation in this matter.


                                    Sincerely,

                                    George Canning


cc:   DOJ Department Review Committee



## Interagency Security Classification Appeals Panel

MEMBERS

CENTRAL INTELLIGENCE
AGENCY
  Joseph W Lambert
DEPARTMENT OF DEFENSE
  Laurence K. Burgess
DEPARTMENT OF JUSTICE
  Matthew G. Olsen
NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION
  Michael J. Kurtz
NATIONAL SECURITY
COUNCIL
  William H. Leary, Chair
DEPARTMENT OF STATE
  Margaret P. Grafeld

c/o Information Security Oversight Office
700 Pennsylvania Avenue, N W., Room 100
Washington, D.C.  20408
Telephone:  (202) 357-5250
Fax·  (202) 357-5907
E-mail·  iscap@nara.gov

EXECUTIVE SECRETARY

William J  Bosanko,
Director
INFORMATION SECURITY
OVERSIGHT OFFICE



September 19, 2008

Mr. Matthew G. Olsen
Deputy Assistant Attorney General
Office of Intelligence
National Security Division
Room 7339 RFK
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

Dear Mr. Olsen:

Please be advised that the Interagency Security Classification Appeals Panel (ISCAP) has
concluded its consideration of the mandatory declassification review appeal filed by
Jeffery Steinberg and that the sixty-day period during which an agency head may appeal an
ISCAP decision to the President has expired.  Enclosed is a copy of the documents and a chart
that outlines the ISCAP decisions.  It is the responsibility of your agency to release the
documents to the appellant.  Please provide the ISCAP staff with copies of the documents as
released to the appellant.  If you have questions about this appeal, please contact
William C. Carpenter at (202) 357-5250.

Sincerely,

WILLIAM J. BOSANKO
Executive Secretary

Enclosure

cc:    Mr. Jeffery Steinberg

## ISCAP DECISIONS ON THE APPEAL FILED BY JEFFREY STEINBERG

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Steinberg, document No. 1<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from FBI New York to Director FBI<br><br>091809Z October 1984<br><br>10 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 2<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Director FBI to FBI Alexandria<br><br>112107Z October 1984<br><br>2 pages<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |
| Steinberg, document No. 3<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from FBI Washington Field to Director FBI<br><br>180209Z October 1984<br><br>4 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 4<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from FBI Alexandria to Director FBI<br><br>022115Z October 1984<br><br>4 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 5<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from FBI Alexandria to Director FBI<br><br>062000Z November 1984<br><br>10 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 6<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Director FBI to FBI Alexandria<br><br>072209Z November 1984<br><br>3 pages<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Steinberg, document No. 7<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from FBI Alexandria to Director FBI<br><br>152100Z November 1984<br><br>16 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 8<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from FBI New York to Director FBI<br><br>210110Z December 1984<br><br>3 pages<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |
| Steinberg, document No. 9<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Rome to Director FBI<br><br>301136Z January 1985<br><br>2 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 10<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Report from FBI Alexandria<br><br>February 14, 1985<br><br>11 pages<br><br>Secret | AFFIRMED THE CLASSIFICATION OF ALL REMAINING PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 11<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Director FBI to SAC Alexandria<br><br>February 14, 1985<br><br>3 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 12<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Rome to Director FBI<br><br>160824Z April 1985<br><br>1 page<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Steinberg, document No. 19<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Note, file number 199G[6?]-1363<br><br>October 18, 1984<br><br>1 page<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |
| Steinberg, document No. 20<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from SAC Alexandria to ADIC, New York<br><br>January 10, 1985<br><br>1 page<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |
| Steinberg, document No. 21<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from SA to SAC Alexandria<br><br>April 2, 1985<br><br>1 page<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |
| Steinberg, document No. 22<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Report from FBI Alexandria<br><br>November 7, 1985<br><br>12 pages<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |
| Steinberg, document No. 23<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Note, file number 199M-1363-1A<br><br>October 2, 1984<br><br>1 page<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 24<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Director FBI to FBI Dallas<br><br>232209Z January 1986<br><br>1 page<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Steinberg, document No. 25<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Director FBI to SAC San Antonio<br><br>February 27, 1986<br><br>1 page<br><br>Secret | DECLASSIFIED DOCUMENT IN ITS ENTIRETY |
| Steinberg, document No. 26<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message from Director FBI to FBI Houston<br><br>062236Z June 1986<br><br>3 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 27<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message numbered 28, file number 199A-327-4<br><br>January 18, 1985<br><br>1 page<br><br>Secret | AFFIRMED THE CLASSIFICATION OF ALL REMAINING PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 28<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message numbered 29, file number 199A-327-9<br><br>May 10, 1985<br><br>1 page<br><br>Secret | AFFIRMED THE CLASSIFICATION OF ALL REMAINING PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |
| Steinberg, document No. 29<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Message numbered 30, file number 199M-327-11<br><br>November 29, 1985<br><br>2 pages<br><br>Secret | AFFIRMED THE CLASSIFICATION OF ALL REMAINING PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) |

60 Sycolin Road
Leesburg, VA 20175
October 3, 2008

William J. Bosanko
Executive Secretary
Interagency Security Classification Appeals Panel
c/o Information Security Oversight Office
National Archives and Records Administration
7th and Pennsylvania Avenue, NW
Room 5W
Washington, DC 20408



RE:  ISCAP No. 2004-017

Mr. Bosanko:

    I have received copies of your letters to Attorney General
Mukasey regarding the above declassification review which I
requested.

    I am writing because of an apparent error concerning one of
the documents.  Document No. 23 is listed in the chart you
enclosed (which summarizes ISCAP's rulings) as having only one
page.  The document in question, is an evidence-envelope from the
"1A" section of file 199M-1363; it is designated as serial #2
from that 1A section.  Please note that in my original
declassification review request to DOJ OIP, I requested review of
that serial, without limitation (June 19, 2002 letter to OIP,
last line of first page).

    In fact, that serial has not one, but seven "pages": the
face of the evidence envelope (FBI Form 340b), plus the six pages
which are enclosed in the envelope.  I attach for your reference,
a photocopy of the serial as it was filed with the April 1992
Vaughn index in my FOIA litigation with the FBI, Jeffrey
Steinberg v. U.S. Dep't of Justice (USDC DC).  The second page,
in case you're not familiar with it, is the FBI's FOIA form which
it uses to represent one or more entire pages which it is
withholding.  As you can see, the six-page enclosure is withheld
under Exemption 1, i.e. it is classified material.

    Clearly, by the information in ISCAP's chart, six of the
seven pages were not subjected to declassification review,
contrary to my request.  I therefore request that as soon as
possible, ISCAP complete the declassification review of this
serial.

-2-

Thank you for your cooperation in this matter.

Sincerely,

Jeffrey Steinberg

FD-340b (Rev. 12-6-83)

# ~~SECRET~~

Field File No. _____

00 and File No. _____199M-1363-1A___ ②

Date Received _____10/2/84_____

From ████████████████████████



By  SA ████████████████  b7C-1

(NAME OF SPECIAL AGENT)

| To Be Returned ☐ Yes | Receipt Given ☐ Yes |
|---|---|
| ☐ No | ☑ No |
| ☐ Yes | Grand Jury Material- |
| ☑ No | Disseminate Only |
| | Pursuant to Rules |
| | 6(e), Federal Rules |
| | of Criminal Procedure |

**Description:** ☐  Original notes re interview of




Ourato FO3I

3-30-92  b7C-1



Classified by  ████

Declassify on:  OADR

CA 91- 2740 - LFO

4-750 (Rev. 12-14-88)

XXXXXX
XXXXX
XXXXXX

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA DELETED PAGE INFORMATION SHEET

_6_  Page(s) withheld entirely at this location in the file.  One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☑ (b)(1)~ (S)(I), (D)(I) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to you or the subject of your request.

☐ Information pertained only to a third party.  Your name is listed in the title only.

☐ Documents originated with another Government agency(ies).  These documents were referred to that agency(ies) for review and direct response to you.

_____ Pages contain information furnished by another Government agency(ies).  You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld for the following reason(s): _____
_____

☐ For your information: _____
_____

☑ The following number is to be used for reference regarding these pages:

_199M-1363-1A2 enclosure_ _____

XXXXXX
XXXXX
XXXXXX

XXXXXXXXXXXXXXXXXXXXXXXX
X    DELETED PAGE(S)    X
X NO DUPLICATION FEE X
X    FOR THIS PAGE    X
XXXXXXXXXXXXXXXXXXXXXXXX

FBI/DOJ

**Interagency Security Classification Appeals Panel**



MEMBERS

CENTRAL INTELLIGENCE
AGENCY
  Joseph W. Lambert
DEPARTMENT OF DEFENSE
  Laurence K. Burgess
DEPARTMENT OF JUSTICE
  Matthew G. Olsen
NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION
  Michael J. Kurtz
NATIONAL SECURITY
COUNCIL
  William H. Leary, Chair
DEPARTMENT OF STATE
  Margaret P. Grafeld

c/o Information Security Oversight Office
700 Pennsylvania Avenue, N.W., Room 100
Washington, D.C. 20408
Telephone: (202) 357-5250
Fax: (202) 357-5907
E-mail: iscap@nara.gov

EXECUTIVE SECRETARY

William J. Bosanko,
Director
INFORMATION SECURITY
OVERSIGHT OFFICE

December 5, 2008

Mr. Matthew G. Olsen
Deputy Assistant Attorney General
Office of Intelligence
National Security Division
Room 7339 RFK
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Dear Mr. Olsen:

Please be advised that the Interagency Security Classification Appeals Panel (ISCAP) has concluded its consideration of the seventh mandatory declassification review appeal filed by George Canning and that the sixty-day period during which an agency head may appeal an ISCAP decision to the President has expired. Enclosed is a copy of the document and a chart that outlines the ISCAP decision. It is the responsibility of your agency to release the document to the appellant. Please provide the ISCAP staff with a copy of the document as released to the appellant. If you have questions about this appeal, please contact William C. Carpenter or Christopher O. Hofius at (202) 357-5250.

Sincerely,

WILLIAM J. BOSANKO
Executive Secretary

Enclosures

cc:   Mr. George Canning

## ISCAP DECISION ON THE SEVENTH APPEAL FILED BY GEORGE CANNING

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Canning 7, document No. 1<br><br>ISCAP No. 2006-017<br><br>FBI Appeal No. 05-0425 | Names and Addresses of Surveillance<br><br>January 10th – April 21st, 1987<br><br>6 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) and (d) |

**Interagency Security Classification Appeals Panel**



**MEMBERS**

**CENTRAL INTELLIGENCE
AGENCY**
  Joseph W. Lambert
**DEPARTMENT OF DEFENSE**
  Laurence K. Burgess
**DEPARTMENT OF JUSTICE**
  Matthew G. Olsen
**NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION**
  Michael J. Kurtz
**NATIONAL SECURITY
COUNCIL**
  William H. Leary, Chair
**DEPARTMENT OF STATE**
  Margaret P. Grafeld

c/o Information Security Oversight Office
700 Pennsylvania Avenue, N.W., Room 100
Washington, D.C.  20408
Telephone:  (202) 357-5250
Fax:  (202) 357-5907
E-mail:  iscap@nara.gov

**EXECUTIVE SECRETARY**

William J. Bosanko,
Director
**INFORMATION SECURITY
OVERSIGHT OFFICE**

December 5, 2008

Mr. Matthew G. Olsen
Deputy Assistant Attorney General
Office of Intelligence
National Security Division
Room 7339 RFK
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

Dear Mr. Olsen:

Please be advised that the Interagency Security Classification Appeals Panel (ISCAP) has
concluded its consideration of the sixth mandatory declassification review appeal filed by
George Canning and that the sixty-day period during which an agency head may appeal an
ISCAP decision to the President has expired.  Enclosed are copies of the documents and a chart
that outlines the ISCAP decisions.  It is the responsibility of your agency to release the
documents to the appellant.  Please provide the ISCAP staff with copies of the documents as
released to the appellant.  If you have questions about this appeal, please contact
William C. Carpenter or Christopher O. Hofius at (202) 357-5250.

Sincerely,

WILLIAM J. BOSANKO
Executive Secretary

Enclosures

cc:   Mr. George Canning

## ISCAP DECISIONS ON THE SIXTH APPEAL FILED BY GEORGE CANNING

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Canning 6, document No. 1<br><br>ISCAP No. 2006-014<br><br>FBI Appeal No. 06-0984 | Memorandum from SAC Chicago to Director of FBI<br><br>September 28, 1987<br><br>3 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) and (d) |
| Canning 6, document No. 2<br><br>ISCAP No 2006-014<br><br>FBI Appeal No. 06-0984 | Lyndon H. LaRouche, Jr. Electronic Surveillance<br><br>October 15, 1987<br><br>5 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) and (d) |

60 Sycolin Road
Leesburg, VA 20175
December 29, 2009

David M. Hardy
Chief, Records/Information Dissemination Section
Federal Bureau of Investigation
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

RE:  (a) FOIPA No. 0921840-001
     (b) My FOIA Request dated July 18, 2009
         (FBI Information Declassified by ISCAP)

Mr. Hardy:

    I recently received the FBI's release dated December 16,
2009, with your transmittal letter's subject line referencing
FOIPA No. 0921840-001.  The final sentence of that letter says,
"This release is in response to Interagency Security
Classification Appeals Panel (ISCAP) appeal number 2006-017."

    As you are aware, I filed an FOIA request on July 18, 2009
which seeks information from that and other ISCAP
declassification reviews.  Please let me know whether your
response to the portion of my July 18, 2009 FOIA request
regarding ISCAP No. 2006-017, is the same as your December 16,
2009 release (and withholdings).

    In the absence of any response from you, I will assume that
your response to that portion of my July 18, 2009 FOIA request is
the same as your December 16, 2009 release (and withholdings)

                                    Sincerely,

                                    George Canning

**FILED**

JUL 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Canning v. Dept. of Justice
Complaint Exh. #L

60 Sycolin Road
Leesburg, VA 20175
January 23, 2010

Director
Office of Information and Privacy
U.S. Department of Justice
1425 New York Ave., NW, Ste. 11050
Washington, DC 20530-0001

RE:  FOIA Appeal -
     My July 18, 2009 FOIA Request to the FBI (part)

To whom it may concern:

     This is an appeal of the denial of information requested by
me under the Freedom of Information Act and agency regulations.

<u>Background</u>

     My appeal of a DOJ Department Review Committee
declassification review to the Interagency Security
Classification Appeals Panel (ISCAP) was designated ISCAP #2006-
017.  On September 19, 2008, ISCAP notified Attorney General
Mukasey it had declassified some of the information; on
December 5, 2008, ISCAP notified the head of DOJ's National
Security Division that its determinations had become final (copy
attached.)

     On July 27, 2009, I filed an FOIA request dated July 18,
2009 with FBI Headquarters, seeking the documents containing the
information which had been declassified by ISCAP in ISCAP #2006-
017 and two other ISCAP appeals (copy attached; letter's
attachments omitted).  I received back the postal return receipt
card, signed but undated, on or about July 30, 2009.  I amended
the request (concerning one of the <u>other</u> ISCAP appeals) by letter
dated December 22, 2009.

     Meanwhile, on December 16, 2009, the FBI made a partial
release of documents which it said was made "in response to
Interagency Security Classification Appeals Panel (ISCAP) appeal
number 2006-017."  (Copy of transmittal letter attached.)[1]

ᴸᴵ  ₁₁⁹ᶠ

---

     [1]  I have appealed those withholdings in a letter to your
office dated January 21, 2010, which accompanies <u>this</u> appeal
letter.



Canning v. Dept. of Justice
Complaint Exh. #M



**FILED**

JUL 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

-2-

On December 31, 2009, I sent a letter dated December 29, 2009 to FBI Headquarters, inquiring whether the December 16 withholdings regarding ISCAP #2006-017, also applies to the portion of my July 18,2009 request concerning ISCAP #2006-017.   I stated that in the absence of a response, I would assume it does. (Copy attached.)

On January 5, 2010, I received a voice mail message from FBI FOIA public liaison officer Dave Sobonya, which stated they'd received my December 22, 2009 amendment letter, but had no record of the original July 18, 2009 request.   The same day, I faxed the original request, plus my December 29 letter (previous paragraph) to the number provided by Mr. Sobonya.   Mr. Sobonya subsequently confirmed that he received the fax and took it to the Work Process Unit.   I have not received any letter acknowledging my FOIA request and informing me of its "FOIPA number."

### The Appeal

This letter therefore appeals the FBI's December 16, 2009 withholdings, as applied to the portion of my July 18, 2009 FOIA request which concerns ISCAP #2006-017.

The issues on this appeal are framed by the terms of the December 16, 2009 denial letter (attached).   In that letter, David M. Hardy, Chief of the FBI's Records/Information Dissemination Section, Records Management Division, invoked the terms of Exemptions 1, 6, 7(C), and 7(D), and concluded that access would be denied to that information.   The explanation of that denial is insufficient in scope, lacking in legal basis, and incapable of withstanding close scrutiny by the courts, should judicial de novo review be sought.

The FBI asserts that some of the material is exempt under 5 U.S.C. 552(b)(6) and (b)(7)(C).   The cited exemptions do not cover this type of material because release of the cited material is not an unwarranted invasion of privacy.   To the extent the release of such material may constitute an invasion of privacy, such invasion is neither "clearly unwarranted" (Exemption 6) nor "reasonably likely" to be unwarranted (Exemption 7(C)), because of the public interest in determining whether the FBI was conducting improper surveillance of a presidential election campaign, the "LaRouche Campaign."   That name was the subject of an indices-search slip which was the subject of my original FOIA request; Mr. LaRouche has only campaigned for the Presidency. The attachment to the December 5, 2008 ISCAP letter (supra, attached hereto) says that the documents at issue concern "Names and Addresses of Surveillance, January 10th - April 21st, 1987."

-3-

The public interest in disclosure outweighs any privacy interest. Therefore, the exemptions claimed in this matter do not support withholding of this information under the Freedom of Information Act.

The FBI also asserts that some of the material is exempt under 5 U.S.C. 552(b)(7)(D). The cited exemption does not cover this type of material because the information was not provided to the FBI on a confidential basis, either because there is no statement of confidentiality in the text of the documents, or because there is no basis for an inference of confidentiality. Further, if the purported source(s) of the surveillance information were capture and/or recording (or other) apparatus used during electronic surveillance, such source had no real and objective basis to seek or accept an explicit grant of confidentiality, or to evaluate the circumstances to infer it had received confidentiality; in either case such apparatus could not withhold information pending a grant of confidentiality. Therefore, the statutory exemption claimed in this matter does not support withholding of this information.

Last, I further appeal material having been withheld, because of the existence of reasonably segregable non-exempt material which should have been released. For example, the description of the documents in the attachment to the December 5, 2008 ISCAP letter could be released without disclosing either the source(s) identity or (for Exemption 7(D)) the substance of the information provided.

Because the Freedom of Information Act exemptions cited above do not cover the requested material, I request that you review the record and order the withheld information be disclosed to me.

Pursuant to the Act's requirements on administrative appeals, I request a response to this appeal within twenty working days.

Sincerely,

George Canning

**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*                    *Washington, D C  20530*

**APR 2 6 2010**

Mr. George Canning
60 Sycolin Road                    Re:    Appeal No. 2010-1081
Leesburg, VA  20175                       ADW:MJS

Dear Mr. Canning:

You attempted to appeal from the failure of the Federal Bureau of Investigation to respond to your request for access to recently declassified records from several prior requests of yours.

Please note that Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component.  See 28 C.F.R. § 16.9 (2009). As no adverse determination has yet been made subsequent to your request, there is no action for this Office to consider on appeal.  Indeed, the Freedom of Information Act itself contemplates filing of a lawsuit, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits.  See 5 U.S.C. § 552(a)(6)(C)(i).  Accordingly, I am closing Appeal No. 2010-1081 in this Office.

I have forwarded your letter to the FBI.  I suggest that you contact it directly and inquire about the status of your request.  If you are dissatisfied with the future action of the FBI, you may appeal again to this Office.

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

*[signature]*

Janice Galli McLeod
Associate Director

*[stamp]*

**FILED**

JUL 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

---

60 Sycolin Road
Leesburg, VA 20175
December 22, 2009

David M. Hardy
Chief, Records/Information Dissemination Section
Federal Bureau of Investigation
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

RE:  Amendment of my FOIA Request dated July 18, 2009:
     FBI Information Declassified by ISCAP

Mr. Hardy:

     The above FOIA request was mailed by certified mail on
July 27, 2009; I received the USPS Return Receipt card signed by
SA Stiso on or about July 30.  I have not received any
acknowledgment from your office, so I do not know the FOIPA
number.

     The original request letter noted at footnote 1, the fact
that ISCAP's original review of the Steinberg appeal had been
incomplete, and Mr. Steinberg had requested it be completed.  I
have recently been informed by personnel in the Information
Security Oversight Office, that ISCAP will vote on this final
document in January 2010.

     I hereby amend my FOIA request to further seek the final
document, in the event (a) ISCAP declassifies some or all of it,
and (b) such declassification is not reversed on appeal to the
President.  For your further information, that document is the
6-page enclosure to an evidence envelope in Alexandria (now WFO)
case 199M-1363; the serial number is 1A-2.

     I will provide additional information, i.e. whether
information in the document is declassified by ISCAP, and whether
such declassification is reversed, as that information becomes
available to me.

     If you have any questions, please contact me at the above
address, or by telephone at 703-434-1904.

                                    Sincerely,


                                    George Canning

FILED

JUL 19 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Canning v. Dept. of Justice
Complaint Exh. #O

FAX TRANSMISSION COVER SHEET

8/28/10    *Xmit 1:53pm*

TO:        Work Process Unit
           Records/Information Dissemination Section
           Federal Bureau of Investigation
           Records Management Division

FAX #:     540-868-4995


FROM:      George Canning


RE 7/18/09 FOIA request as amended 12/22/09


     5 pages follow


     Attached is a letter concerning the above request as
amended.  As you can see, ISCAP has now completed the Steinberg
declassification review, and has declassified additional
information, which was requested in the 12/22/09 amendment to my
request.




                                              11   1195


     Please call me at(703) 434-1904 if you need re-transmission
of any pages.

FILED

JUL 19 2011

Clerk, U.S. District & Bankruptcy
Courts for the ...
...mbia

Canning v. Dept. of Justice
Complaint Exh. #P

60 Sycolin Road
Leesburg, VA 20175
August 28, 2010

Work Process Unit
Records/Information Dissemination Section
Federal Bureau of Investigation
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

    BY FAX & MAIL

RE:  Amendment of my FOIA Request dated July 18, 2009:
     FBI Information Declassified by ISCAP

To whom it may concern:

    The above FOIA request was mailed by certified mail on
July 27, 2009; I received the USPS Return Receipt card signed by
SA Stiso on or about July 30.  The request and its December 22,
2009 amendment were faxed to your office and taken to the Work
Process Unit on January 5, 2010.  I have not received any
acknowledgment from your office, so I do not know the FOIPA
number.

    The December 22, 2009 amendment of my request seeks a
document then under review by ISCAP pursuant to an appeal by
Jeffrey Steinberg, at such time ISCAP declassified any of the
information in it and that determination survived any appeal by
the Justice Department.  (Copy attached.)

    Mr. Steinberg recently provided me with a copy of an
August 4, 2010 letter (cc'd to him) from ISCAP to the Michael
Folmar, the FBI's Asst. Director, Security Division, concerning
the review of that document.  (Copy with its attached chart,
attached.)  As you can see, the letter informs Asst. Director
Folmar that some of the information has been declassified (and
encloses that information for him but not Steinberg), that the
time for appeal has run, and that the FBI should release the
declassified information to Steinberg.

-2-

I therefore request that you release this information to me, and that you release the rest of the information which I requested in my July 18, 2009 FOIA request as amended, as soon as possible.

Sincerely,

George Canning

60 Sycolin Road
Leesburg, VA 20175
December 22, 2009

David M. Hardy
Chief, Records/Information Dissemination Section
Federal Bureau of Investigation
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843



RE:   Amendment of my FOIA Request dated July 18, 2009:
      FBI Information Declassified by ISCAP

Mr. Hardy:

     The above FOIA request was mailed by certified mail on
July 27, 2009; I received the USPS Return Receipt card signed by
SA Stiso on or about July 30.  I have not received any
acknowledgment from your office, so I do not know the FOIPA
number.

     The original request letter noted at footnote 1, the fact
that ISCAP's original review of the Steinberg appeal had been
incomplete, and Mr. Steinberg had requested it be completed.  I
have recently been informed by personnel in the Information
Security Oversight Office, that ISCAP will vote on this final
document in January 2010.

     I hereby amend my FOIA request to further seek the final
document, in the event (a) ISCAP declassifies some or all of it,
and (b) such declassification is not reversed on appeal to the
President.  For your further information, that document is the
6-page enclosure to an evidence envelope in Alexandria (now WFO)
case 199M-1363; the serial number is 1A-2.

     I will provide additional information, i.e. whether
information in the document is declassified by ISCAP, and whether
such declassification is reversed, as that information becomes
available to me.

     If you have any questions, please contact me at the above
address, or by telephone at 703-434-1904.

                            Sincerely,

                            George Canning

## Interagency Security Classification Appeals Panel

MEMBERS

DEPARTMENT OF DEFENSE
  Laurence K. Burgess
DEPARTMENT OF JUSTICE
  Matthew G. Olsen
DEPARTMENT OF STATE
  Margaret P. Grafeld
OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE
  Regina Genton
NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION
  Michael J. Kurtz
NATIONAL SECURITY STAFF
  William H. Leary, Chair

c/o Information Security Oversight Office
700 Pennsylvania Avenue, N.W., Room 100
Washington, D.C. 20408
Telephone: (202) 357-5250
Fax: (202) 357-5907
E-mail: iscap@nara.gov

EXECUTIVE SECRETARY

William J. Bosanko,
Director
INFORMATION SECURITY
OVERSIGHT OFFICE



August 4, 2010

Mr. Michael J. Folmar
Assistant Director, Security Division
Federal Bureau of Investigation
Room 10104, JEH Building
935 Pennsylvania Avenue, NW
Washington, DC  20535

Dear Mr. Folmar:

Please be advised that the Interagency Security Classification Appeals Panel (ISCAP) has
concluded its consideration of the twenty-third document within the mandatory declassification
review appeal filed by Jeffrey Steinberg and that the sixty-day period during which an agency head
may appeal an ISCAP decision to the President has expired.  Enclosed are a copy of the document
and a chart that outlines the ISCAP decision.  Your agency must release all information declassified
by the ISCAP to the appellant, with the exception of any information that is otherwise authorized
and warranted for withholding under applicable law.  Please provide the ISCAP staff with a copy of
the document as released to the appellant.  If you have questions about this appeal, please contact
William C. Carpenter or Christopher O. Hofius at (202) 357-5250.

Sincerely,

WILLIAM J. BOSANKO
Executive Secretary

Enclosures

cc:    Mr. Jeffrey Steinberg [Letter and chart only.]

## ISCAP DECISION ON THE APPEAL FILED BY JEFFREY STEINBERG

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Steinberg, document No. 23<br><br>ISCAP No. 2004-017<br><br>FBI Appeal No. 03-0568 | Memorandum for the Director of the Federal Bureau of Investigation Subject: Jeffery Steinberg<br><br>September 26, 1984<br><br>6 pages<br><br>Confidential | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 13526, §3.3(b)(1)<br><br>SOME INFORMATION HAS BEEN IDENTIFIED TO BE WITHHELD UNDER STATUTORY AUTHORY |



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 11, 2011

MR GEORGE CANNING
60 SYCOLIN ROAD
LEESBURG, VA 20175

Subject: STEINBERG, JEFFREY
FOIPA No  1154022- 000

Dear Mr. Canning:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a

| Section 552 | Section 552a | |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

**FILED**
**JUL 1 9 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

7 **page(s)** were reviewed and 1 **page** is being released.

☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

    ☒  referred to the OGA for review and direct response to you

    ☒  referred to the OGA for consultation  The FBI will correspond with you regarding this information when the consultation is finished.

☒  You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Director, Office of Information Policy, U S. Department of Justice,1425 New York Ave , NW, Suite 11050, Washington, D.C.  20530-0001  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal "  Please cite the FOIPA Number assigned to your request so that it may be easily identified.

☐  The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s)

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M  Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

　　　　In response to your specific Freedom of Information Act (FOIA) request submitted to FBI Winchester, VA, enclosed is a processed copy of the FBI Washington Field Office file number 199M-AX-1363-1A2.

60 Sycolin Road
Leesburg, VA 20175
December 31, 2009

Federal Bureau of Investigation
Records/Information
  Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

RE:  FOIA Request

To whom it may concern:

     This is a request under the Freedom of Information and
Privacy Acts, as amended (5 USC 552 et seq.).  I request that a
search be made as more fully described below and that access to
or copies of documents and other information be provided as
follows.

<u>Background</u>

     Serial NY 196B-4052-1 (redesignated NY 196-BS-1446-1) is,
according to a September 1997 <u>Vaughn</u> affidavit submitted by FBIHQ
SSA Sherry Davis in <u>Gail Billington v. DOJ</u>, D.D.C. Civ. No. 92-
462, a grand jury subpoena with attached FD-160 indices search
slips.  The sixth such search slip has as its subject, "LaRouche
Campaign."  I attach for your reference, an excerpt of NY 196-BS-
1446-1 which was included in SSA Davis's <u>Vaughn</u> affidavit:  a FBI
Deleted Page Information Sheet (apparently concerning the
subpoena), and the sixth search slip.

     As you can see, one or more of the file numbers written on      ∕
the search slip, was withheld under Exemption 1, as classified
information.

𝐋𝐢 𝟏𝟏𝟗𝐅

<u>Prior FOIA Request and Declassification Review</u>

     This is, in part, a re-request of information which I sought
in FBI Headquarters FOIPA No. 0921840-001, i.e. the (formerly?)
classified file number(s), and the file(s) it/they represent.  I
originally sent that request to the New York Field Office in
2000, and they subsequently referred it to FBIHQ.  FBIHQ refused
declassification of the numbers, and asserted the documents
themselves could not be found.  Most recently, the Interagency
Security Classification Appeals Panel (ISCAP) declassified some
of the information withheld from me by the FBI (ISCAP appeal

<u>Canning v. Dept. of Justice</u>
Complaint Exh. #R

**FILED**

JUL 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

-2-

number 2006-017), and FBI Headquarters made a release of
documents on December 16, 2009 under FOIPA No. 0921840-001.

### New FOIA Request

My request has three parts:

First, I request the entire file(s) - the number(s) of which
was/were withheld on the attached search slip including the file
cover(s).  I request that you consult the FBI's submissions to
ISCAP concerning ISCAP  No. 2006-017 for the necessary
information.  The information in the FBI's December 16, 2009
release in FOIPA No. 0921840-001 was substantially withheld under
Exemptions 7(C) and/or 7(D).  I now enclose a privacy waiver from
Lyndon H. LaRouche, Jr., and I request his name or other
information about him be released.  I also request that
information referring to any company or other organization be
disclosed.

Second, ISCAP's December 5, 2008 letter to Matthew Olsen of
the DOJ National Security Division, informing him of the
finalization of ISCAP's rulings (copy attached) included a table
concerning the document at issue, which described it as "Names
and Addresses of Surveillance, January 10th - April 21st, 1987."
I request information about that description (a) in the FBI's
submissions to ISCAP concerning ISCAP  No. 2006-017, and (b) in
the file(s) requested above.

Third, I request (a) any documents or other information
which set out the nature of the surveillance and/or the reasons
for the surveillance cited in the ISCAP letter, and (b) any
warrants or other authorizations for the cited surveillance.

In processing this request, please make a complete and
thorough search of all filing systems and locations for all
documents and other information maintained by your office.
Please check all indices, including electronic surveillance
("Elsur") indices.

All documents and other information should be produced with
administrative markings and all reports should include the
administrative pages.

Please place any "missing" files pertaining to this request
on "special locate" and advise me that you have in fact done
this.

-3-

If documents and/or other information are/is denied, in whole or in part, please specify which exemption(s) is (are) claimed for each passage or whole record denied.  Please provide a complete itemized inventory and a detailed factual justification of total or partial denial of documents and/or other information.  Specify the number of remaining pages in each record and the total number of pages pertaining to this request.

In excising material, please "black out" the material rather than "white out" or "cut out."  I expect, as provided by the Freedom of Information Act, that the remaining non-exempt portions of all documents and other information will be released.

I am willing to pay reasonable fees for costs involved in processing this request.  If the estimated cost exceeds $25.00, please contact me at the above address, or by telephone at (703) 434-1904, before proceeding.

If you have any questions, please contact me at the above address or telephone number.

As required by the Act as amended, I shall expect a response from you within twenty working days.

Thank you for your cooperation in this matter.

Sincerely,

George Canning

4-750 (Rev. 12-14-88)

XXXXXX
XXXXXX
XXXXXX

## FEDERAL BUREAU OF INVESTIGATION
## FOIPA DELETED PAGE INFORMATION SHEET

_2_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☒ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | Section 552 | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☒ (b)(3) – 1 | ☒ (b)(7)(C) – 6 | ☐ (k)(1) |
| Rule 6 (e) | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to you or the subject of your request.

☐ Information pertained only to a third party. Your name is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Pages contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld for the following reason(s): _____

_____

☐ For your information: _____

_____

☒ The following number is to be used for reference regarding these pages:

NY 196- BS-1446-1

XXXXXXXX
XXXXXX
XXXXXX

XXXXXXXXXXXXXXXXXXXXXXXX
X   DELETED PAGE(S)   X
X NO DUPLICATION FEE X
X    FOR THIS PAGE    X
XXXXXXXXXXXXXXXXXXXXXXXX

FBI/DOJ

DOCUMENT 2

FD-160 (Rev. 7-21-83)

| | | Date |
|---|---|---|
| TO:   OFFICE SERVICES MANAGER | | |
| Subject   *LaRouche Campaign* | | Social Security Account # |
| Aliases | | |

| Address | | Birth Date | Birthplace | Race | Sex |
|---|---|---|---|---|---|
| | | | | | ☐ Male |
| | | | | | ☐ Femal |

☐ Exact Spelling
☐ All References
☐ Main Security Case Files Only
☐ Security References Only

☐ Main Criminal Case Files Only
☐ Criminal References Only
☐ Main Security (If no Main, list all Security References)
☐ Main Criminal (If no Main, list all Criminal References)

☐ Restrict Locality of

| File & Serial Number | Remarks | File & Serial Number | Remarks |
|---|---|---|---|
| 196-3463-1* | 11/84 | | |
| | | (s)   b1 | |

Requested by

| | | Squad | Extension | File No. |
|---|---|---|---|---|

☐ General Indices:

Searched by _____  Date _____

☐ Confidential Indices:

Searched by _____  Date _____

☐ ELSUR Indices:

Searched by _____  Date _____

☐ ISIS:

Searched by _____  Date _____

☐ OCIS:

Searched by _____  Date _____

☐ IIS:

Searched by _____  Date _____

Consolidated by _____  Date _____

Reviewed by _____  Date _____

### File Review Symbols

I - Identical          ? - Not identifiable
NI - Not identical     U - Unavailable reference

6

Interagency Security Classification Appeals Panel



**MEMBERS**

CENTRAL INTELLIGENCE
AGENCY
  Joseph W. Lambert
DEPARTMENT OF DEFENSE
  Laurence K. Burgess
DEPARTMENT OF JUSTICE
  Matthew G Olsen
NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION
  Michael J. Kurtz
NATIONAL SECURITY
COUNCIL
  William H. Leary, Chair
DEPARTMENT OF STATE
  Margaret P. Grafeld

c/o Information Security Oversight Office
700 Pennsylvania Avenue, N.W., Room 100
Washington, D.C. 20408
Telephone: (202) 357-5250
Fax: (202) 357-5907
E-mail: iscap@nara.gov

**EXECUTIVE SECRETARY**

William J. Bosanko,
Director
INFORMATION SECURITY
OVERSIGHT OFFICE

December 5, 2008


Mr. Matthew G. Olsen
Deputy Assistant Attorney General
Office of Intelligence
National Security Division
Room 7339 RFK
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Dear Mr. Olsen:

Please be advised that the Interagency Security Classification Appeals Panel (ISCAP) has
concluded its consideration of the seventh mandatory declassification review appeal filed by
George Canning and that the sixty-day period during which an agency head may appeal an
ISCAP decision to the President has expired. Enclosed is a copy of the document and a chart
that outlines the ISCAP decision. It is the responsibility of your agency to release the document
to the appellant. Please provide the ISCAP staff with a copy of the document as released to the
appellant. If you have questions about this appeal, please contact William C. Carpenter or
Christopher O. Hofius at (202) 357-5250.

Sincerely,

WILLIAM J. BOSANKO
Executive Secretary



Enclosures


cc:   Mr. George Canning

ISCAP DECISION ON THE SEVENTH APPEAL FILED BY GEORGE CANNING

| IDENTIFYING NUMBERS | DESCRIPTION OF DOCUMENT | ACTION |
|---|---|---|
| Canning 7, document No. 1<br><br>ISCAP No. 2006-017<br><br>FBI Appeal No.<br><br>05-0425 | Names and Addresses of Surveillance<br><br>January 10th – April 21st, 1987<br><br>6 pages<br><br>Secret | DECLASSIFIED SOME PORTIONS AND AFFIRMED THE CLASSIFICATION OF OTHER PORTIONS<br><br>E.O. 12958, as amended, §1.4(c) and (d) |

RELEASE AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby request and authorize you to release to George Canning, 60 Sycolin Road, Leesburg, VA 20175, any and all information in the possession of the Federal Bureau of Investigation which in any way pertains to me, which is contained in information responsive to Mr. Canning's Freedom of Information Act request dated December 31, 2009.

FULL NAME:        Lyndon Hermyle LaRouche, Jr.
DATE OF BIRTH:    ████████████████
PLACE OF BIRTH:   Rochester, New Hampshire
SOCIAL SECURITY #: ████████████

I hereby certify under penalty of perjury under the laws of the United States of America, that the above information identifies me personally, and is true and correct.

Date: _Jan 2. 2010_         _Lyndon H. LaRouche_
                            LYNDON H. LAROUCHE, JR.

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To FBI Records Info Dissemination Section
Street, Apt. No.; or PO Box No. 170 Marcel Drive
City, State, ZIP+4 Winchester, VA 22602-4843

7009 0960 0000 8286 8744

PS Form 3800, August 2006    See Reverse for Instructions

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

George Canning
60 Sycolin Rd.
Leesburg, VA 20175

FILED
JUL 1 9 201
Clerk, U.S. District & Ba
Courts for the District of

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal Bureau of Investigation
Records/Information
Dissemination Section
170 Marcel Drive
Winchester, VA 22602 4840

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
1-15-10

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)    7009 0960 0000 8286 8744