UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE CANNING,          :
                         :
         Plaintiff,      :
                         :
    v.                   :   Civil Action No. 11-1295 (GK)
                         :
U.S. DEPARTMENT OF JUSTICE, :
                         :
         Defendant.      :

## MEMORANDUM OPINION

On January 14, 2013, Plaintiff filed a Second Motion for Discovery and for a Stay of the Case While Discovery is Conducted, accompanied by a Second Declaration of George Canning [Dkt. No. 31]. Plaintiff has also filed a Renewed Motion for Discovery Regarding His Mailing of the July and December 2009 FOIA Requests, and for a Stay of the Case While Discovery is Conducted [Dkt. No. 35]. Finally, he has also filed a document titled "Plaintiff's Second Interrogatories and Request for Production of Documents and Recordings." The Government has filed a Motion for Protective Order and Memorandum in Support Thereof [Dkt. Nos. 38 and 38-1].

There is no question that the Government is correct that discovery in general is unavailable in Freedom of Information Act ("FOIA") actions, 5 U.S.C. § 522, et seq. Wheeler v. CIA, 271 F. Supp. 2d 132, 129 (D.D.C. 2003). Moreover, if the Court deems the declarations of an agency deficient, then it may request that the agency supplement those disclosures rather than order discovery. Hall v. CIA, 881 F. Supp. 2d 38, 73 (D.D.C. 2012). In short, discovery in FOIA cases is rarely allowed.

Mr. Canning, a non-lawyer (but a knowledgeable FOIA plaintiff), makes frequent use of his rights as a citizen under the Freedom of Information Act ("FOIA"). It is clear from his many filings,

at least before this Court, that he is a highly intelligent gentleman, who, over the years, has learned a vast amount about the procedures and inner workings of the Federal Bureau of Investigation, as well as other national security agencies of the United States Government. Having said all that, the Court must note some major deficiencies in Mr. Canning's attempt to obtain very extensive discovery in this case.

First, many of his requests for production of documents and his interrogatories seek information which can only be evaluated after the Government's Motion for Summary Judgment is fully briefed. He claims that much of the information he seeks goes to the issue of whether material facts are in dispute and that he needs that information in order to directly challenge the accuracy of the Government's factual representations. His allegations that the Government's facts are inaccurate must be contested by filing an Opposition to the Government's pending Motion for Summary Judgment. Second, it is abundantly clear that at least some of the information he seeks is irrelevant or protected by various exemptions contained in the Act itself.

Given all of the above, and the extremely detailed nature of the discovery that Mr. Canning seeks, the Court concludes that his two Motions must be **denied**. The most efficient way to proceed in this case, which is now more than two years old, is for Plaintiff to submit his Opposition to the Government's Motion for Summary Judgment and for the Government to file its Reply, if any. Some of the discovery sought by Mr. Canning may well be mooted by rulings on the Motion for Summary Judgment.

**WHEREFORE**, it is this 2nd day of April, 2013, hereby

**ORDERED**, that the Government's Motion for a Protective Order is **granted**; and it is further

**ORDERED**, that the Plaintiff's Second Motion for Discovery and Renewed Motion for Discovery shall be **denied**; and it is further

**ORDERED**, that Plaintiff shall file his Opposition to the pending Motion for Summary Judgment **no later than May 1, 2013**; and it is further

**ORDERED**, that the Government shall file its Reply, if any, **no later than June 1, 2013**.

_/s/ Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

**and to**

**George Canning**
**60 Sycolin Road**
**Leesburg, VA  20175**