UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE CANNING, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 11-1295(GK) |

## MEMORANDUM OPINION

On December 15, 2013, the Parties completed briefing cross-motions for summary judgment on Plaintiff's Freedom of Information Act ("FOIA") claims, 5 U.S.C. § 522 et seq. On January 2, 2014, Plaintiff filed a series of motions: (1) a Third Motion for Discovery and for a Stay of the Case While Discovery Is Conducted ("Mot. Disc.") [Dkt. No. 66], (2) a Motion to Submit a Supplement to His Reply in Support of Partial Summary Judgment ("Mot. Supp.") [Dkt. No. 67], and (3) a Motion for Limited In Camera Review ("Mot. In Camera Review") [Dkt. No. 68]. Defendant filed an omnibus Opposition on January 15, 2014 ("Opp'n") [Dkt. No. 69] and Plaintiff declined to file a Reply. For the reasons provided below, the Court shall **deny** each of Plaintiff's motions.

-1-

I. **Plaintiff's Third Motion for Discovery**

In his Third Motion for Discovery, Plaintiff contends that limited discovery is necessary to complete his opposition to Defendant's Motion for Summary Judgment. Mot. Disc. at 1. The discovery Plaintiff seeks concerns: (1) the presence of Lyndon LaRouche's name on files provided to Plaintiff in response to his September 2007 FOIA request; and (2) Defendant's alleged non-receipt of FOIA requests made to the FBI's headquarters. See generally id.

As this Court explained when it denied Plaintiff's Second Motion for Discovery, discovery is rarely allowed in FOIA actions. Wheeler v. C.I.A., 271 F. Supp. 2d 132, 129 (D.D.C. 2003). If the Court deems the declarations of an agency deficient, then it may request that the agency supplement those disclosures rather than order discovery. Hall v. C.I.A., 881 F. Supp. 2d 38, 73 (D.D.C. 2012).

This Court has already concluded that additional discovery would not be appropriate in this case in view of the pending cross-motions for summary judgment. See Op. at 2 [Dkt. No. 44]. Because the subjects of Plaintiff's most recent discovery motion have been extensively briefed by the Parties, much of the discovery sought may well be rendered moot after the Court resolves the pending Motions for Summary Judgment. Moreover, Plaintiff admits that the

-2-

discovery he seeks "is derived from the previously-submitted interrogatories and document requests" — discovery requests this Court has twice denied. Not only is it clear that at least some of the information that Plaintiff seeks is irrelevant or protected by various FOIA exemptions, but Plaintiff has not offered an explanation as to why circumstances have changed since the Court's previous denials so that discovery at this late stage in the case is now warranted. Accordingly, Plaintiff's Third Motion for Additional Discovery shall be **denied**.

II. **Plaintiff's Motion to Submit a Supplement to His Reply**

Plaintiff also requests that the Court permit him to file a Supplement to his Reply in Support of his Cross-Motion for Partial Summary Judgment. Plaintiff explains that "he discovered on a re-reading of Mr. Hardy's Fourth Declaration ... that defendant has made a substantial change in its factual account regarding the 2007 FOIA request to FBI Headquarters." Mot. Supp. at 1. Plaintiff "would like to bring this to the Court's attention, in the event it also missed that change on its first reading of the Fourth Hardy Declaration." Id.

Plaintiff, in short, seeks to file a surreply. A district court "may grant leave to file a surreply at its discretion." Am. Forest & Paper Ass'n, Inc. v. E.P.A., 1996 WL 509601, at *3 (D.D.C. 1996). "The standard for granting leave to file a surreply is

-3-

whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 001); see also Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting Lewis, 154 F.Supp.2d at 61).

Plaintiff has not alleged that Defendant raised new arguments or issues for the first time in his Reply in Support of its Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment. On the contrary, Plaintiff explains that he merely encountered information "on a re-reading of Mr. Hardy's Fourth Declaration" that he wished "to bring...to the Court's attention[.]" Mot. Supp. at 1. Even if Defendant had raised new arguments in its motion, Plaintiff, as the last party to respond pursuant to the summary judgment briefing schedule, had ample opportunity to address those arguments in his Reply Motion. For this reason, and in light of the fact that the Court already afforded Plaintiff an opportunity to supplement his Opposition Motion, see Minute Entry of Sept. 10, 2013, the Court shall **deny** Plaintiff's Motion to Submit a Supplement to His Reply in Support of Partial Summary Judgment.

### III. Plaintiff's Motion for Limited In Camera Review

Plaintiff moves the Court to conduct an in camera review of the FBI's withholdings under FOIA Exemption 7(E) because he

suspects that the FBI has improperly withheld material that demonstrates well-known or illegal investigative techniques. See Mot. In Camera Review at 1.

Whether in camera inspection of contested FOIA material is appropriate is a question that lies within the district court's discretion. See Ctr. for Auto Safety v. E.P.A., 731 F.2d 16, 22 (D.C. Cir. 1984). "[W]hen the agency meets its burden [under FOIA] by means of affidavits, in camera review is neither necessary nor appropriate." Id. at 23. A court may find affidavits to be sufficient if they "show, with reasonable specificity, why the documents fall within the exemption," are not "conclusory...too vague or sweeping," and "there is no evidence in the record of agency bad faith." Id. (citing Hayden v. N.S.A., 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

In this case, Defendant has filed numerous affidavits in support of its Motion for Summary Judgment that justify, in extensive detail, the applicability of the asserted FOIA exemptions. In reviewing the pleadings and accompanying affidavits, the Court has found no evidence or allegations of agency bad faith. Furthermore, the appropriateness of the FBI's withholding of material documenting certain investigative techniques is an issue that has been well-briefed by the Parties in their cross-motions for summary judgment. In his Motion for

Limited In Camera Review, Plaintiff does not raise any novel issues. Accordingly, the Court will resolve the pending summary judgment motions and **deny** Plaintiff's Motion for Limited In Camera Review.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Third Motion for Discovery and for a Stay of the Case While Discovery is Conducted, Motion to Submit a Supplement to His Reply In Support of Partial Summary Judgment, and Motion for Limited In Camera Review shall be **denied**. An Order shall accompany this Memorandum Opinion.

April 25, 2017

Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF

and to

George Canning
60 Sycolin Road
Leesburg, VA 20175